# Barker *v.* The State.

*Indictment for Grand Larceny.*

126    69
129    55

126    69
139    103

1. *Criminal prosecution; admissibility of circumstantial evidence.* In a criminal prosecution, where the evidence which tends to connect the defendant with the commission of the crime is circumstantial, the circumstances accompanying the discovery of the perpetration of the crime charged, the persons present just before and just after such discovery, their acts and incidents connected with such acts leading up to the discovery, are admissible in evidence.

2. *Larceny; charge to the jury.*—On a trial under an indictment for larceny of money, where the evidence is circumstantial and the testimony for the State tended to show that the defendant was seen with money answering the description of that stolen, shortly after the commission of the offense, charges to the jury which authorize the defendant's acquittal unless the jury believe beyond a reasonable doubt that the defendant had in his possession the identical money which was lost by the prosecutor, are erroneous and properly refused.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. A. A. EVANS.

The appellant, Noah Barker, was indicted, tried and convicted for grand larceny in stealing thirty-three dollars in money from the store of one Jas. S. Willis; the money so stolen being described in the indictment as "Two ten dollar bills, two five dollar bills, two two dollar bills and one one dollar bill."

On the trial of the case, Jas. S. Willis was introduced as a witness, and testified to the larceny of the money, describing it as described in the indictment, from his store on December 16, 1898. This witness further testified that during the day on which the money was stolen from his store, the defendant was about the store; that when he went to dinner he locked up the store, and that when he started back Henry Barker, a brother of the

[Barker v. The State.]

defendant, came with him; and there was no one else
with him nor did he see any one else in or about the
store at the time of his return. The bill of exceptions
recites the further testimony of this witness in the fol-
lowing language: "That when witness entered said door
on his return from dinner, one Henry Barker, brother
of defendant, entered with witness; that witness pro-
ceeded to go through said back room into the store room
and up toward the front door of the store, and said
Henry remained a short while in said rear room where
the fireplace and staircase were; that before witness
reached the front door of the store, witness heard a
crash in the back room through which he entered the
store, and immediately thereafter the said Henry Bar-
ker came toward the front door to where witness was,
and said to witness: 'I broke your lamp chimney,' and
paid witness a dime for it; that the lamp chimney that
was broken had been on a lamp that was sitting on said
staircase on the floor as shown by the fragments of
glass." The defendant moved to exclude the testimony
of the witness which is quoted above, on the ground
that it was irrelevant and immaterial. The court over-
ruled the objection, and the defendant duly excepted.
The witness testified that he proceeded to open the door
and then went back to his office, which was in the back
of the store, and upon opening his iron safe found that
the money had been taken therefrom; and that he had
seen the money in the safe only a short while before he
went to dinner. The bill of exceptions then states the
further testimony of the witness in the words as follows:
"That as soon as witness discovered the loss of his mon-
ey, he went in search of said Henry Barker and passed
the house of defendant; that witness then saw defendant
and inquired of him if he had seen the said Henry Bar-
ker, and was told by defendant that Henry Barker was
in the house; that witness called said Henry and he
came out of the house, and witness then, in the presence
of and hearing of defendant, told said Henry of wit-
ness' loss of his money, and witness then searched the
said Henry; witness found on him one dollar and thirty
cents; that Henry said Noah (the defendant) had given

him a dollar and ten cents of the money, and that Mr. Wollingsworth paid him twenty cents of it, that witness then asked said Henry: 'Where did you get the dime you paid me for the lamp chimney?' that defendant thereupon spoke up and said, 'I paid for the lamp chimney.' Witness replied: 'How did you pay for it when you were not there?' Defendant replied: 'I gave him the money.'" The defendant objected to the portion of witness' testimony which is quoted above, upon the ground that it was irrelevant and immaterial. The court overruled the objection, and the defendant duly excepted.

The State introduced other witnesses who testified that a short time after the money was stolen from the store of Willis, they had seen the defendant with money of the same denomination as that which was shown to have been stolen.

The defendant introduced evidence tending to show that while he was at Willis' store during the morning, he left there about 11 o'clock, which was about an hour or more before Willis left the store for dinner. The defendant as a witness in his own behalf testified that he did not take the money from the store of Willis and further testified that he had been paid the money which he had in his possession at the time testified to, by the State's witness, for work which he had done for different parties.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The possession of stolen property is a material ingredient of the offense, and the jury must be satisfied beyond a reasonable doubt that the defendant had in his possession the identical money stolen from Mr. Willis before they can convict." (2.) "In this case the jury cannot convict unless they believe from the evidence beyond a reasonable doubt that the defendant had in his possession the identical money lost by Mr. Willis." (3.) "If there is no evidence other than the possession of the money and the proximity to the crime showing the guilt of the defendant, then the jury must believe beyond a

reasonable doubt that the money found in the possession of the defendant was the identical money stolen from Mr. Willis."

No counsel marked as appearing for appellant.

CHAS. G. BROWN, Attorney-General, for the State, cited *Smith v. State*, 88 Ala. 23.; *Dent v. State*, 105 Ala. 102; *Shepperd v. State*, 94 Ala. 102; *Leonard v. State*, 115 Ala. 80; *Williams v. State*, 123 Ala. 39.

DOWDELL, J.—Circumstances accompanying the discovery of the perpetration of a crime, the persons present just before or just after such discovery, their acts and incidents connected with such acts leading up to the discovery, are admissible in evidence. The evidence objected to is clearly shown to be material and relevant when taken in connection with what occurred at the house of the defendant between the prosecutor, defendant and his brother, especially that part where the defendant spoke up and said that he paid for the broken lamp chimney or gave his brother the ten cents to pay for it. When taken together the evidence tends to show defendant's presence at the time the lamp chimney was broken, and that he had secreted himself in the store, when the prosecutor went to his dinner, and after commission of the crime, during the absence of the prosecutor, had gone up stairs, and upon the return of the prosecutor accompanied by the brother of the defendant, as the prosecutor went to the front of the store room, the defendant, on coming down the stairway where the lamp was sitting, to make his escape from the house, broke the chimney, the noise of which breaking was heard by the prosecutor, the ten cents paid the prosecutor by defendant's brother, being paid immediately upon the breaking. The statement made by the defendant that he paid for the lamp chimney was also objected to by the defendant; but in connection with the other evidence, it was clearly relevant as an inculpating circumstance. There was no error in overruling defendant's motion to exclude the evidence.

[Barker v. The State.]

There were three charges requested by the defendant which were refused by the court. These charges were bad in having a tendency to mislead and confuse the jury. If by the defendant's possession of the money, the charges intended the money, which the evidence showed the defendant had ten or twelve days after the perpetration of the crime, and they are susceptible of this meaning, then they were clearly bad, for the defendant might have, between the time of the theft and the time the money was seen in his possession, exchanged that which he had stolen for other money. The possession of the money by the defendant as shown by the testimony, was not necessarily an ingredient of the crime, but was evidentiary matter to be taken in connection with other evidence tending to show defendant's guilt. Moreover, the jury might have found the defendant guilty on the evidence in the case independent of the evidence of possession of the money.

The criterion of the degree of proof necessary for conviction is not that the jury must believe beyond a reasonable doubt every part of the testimony, or the testimony as to every fact introduced in evidence, but that they must believe from all the evidence beyond a reasonable doubt that the defendant is guilty of the crime charged in the indictment. The court committed no error in refusing to give the charges requested.

In support of what we have said as to the correctness of the trial court's rulings upon the evidence and the charges, see the following cases: *Williams v. State*, 123 Ala. 39; *Smith v. State*, 88 Ala. 23; *Shepperd v. State*, 94 Ala. 102; *Leonard v. State*, 115 Ala. 80; *Dent v. State*, 105 Ala. 14.

Affirmed.