[Spraggins v. The State.]

# Spraggins *v.* The State.

*Indictment for an Assault with Intent to Murder.*

1. *Pleading and practice; conflict between recitals in bill of exceptions and judgment entry; how considered.*—Where a conflict arises between the recital in a bill of exceptions and the judgment entry, as to a matter which should be contained and set out in the judgment, the recitals in the judgment will, as a general rule, prevail; and the issue upon which a case, whether civil or criminal, is tried, are properly recited in the judgment entry; and the recital of the judgment entry will prevail over a contradictory statement in the bill of exceptions.

2. *Trial and its incidents; when, issue joined upon pleas of former acquittal and not guilty, defendant entitled to verdict as to each.*—Where, in the trial of a criminal case, the case is submitted to the jury upon issue joined upon the plea of former acquittal and also upon the plea of not guilty, the defendant is entitled to have the jury pass upon and return a verdict upon the plea of former acquittal; and a verdict of guilty, without passing upon such plea, but responsive only to the plea of not guilty, will not support a judgment for conviction.

3. *Indictment; not quashed because county commissioner not commissioned.*—The fact that one who had been duly elected a member of the court of county commissioners and who acted with the other commissioners in the drawing of the grand jury had never received his commission, constitutes no ground for quashing an indictment preferred by the grand jury so drawn; such commissioner being a *de facto* commissioner.

4. *Former jeopardy; does not exist when investigation had before committing magistrate.*—The institution of a prosecution for the commission of a felony before the judge of the county court, who has only jurisdiction as a committing magistrate, the investigation of such charge by such judge and the binding of the defendant over to await the action of the grand grand jury, do not constitute former jeopardy.

5. *Indictment for assault with intent to murder; admissibility of evidence.*—Where, on a trial under indictment for an assault

with intent to murder, the evidence tending to connect the defendant with the commission of the crime was circumstantial, testimony tending to show that the defendant was not in the vicinity of the place where the crime was committed on the evening of its commission, is admissible in evidence; its weight being a question for the determination of the jury.

6. *Same; same.*—On a trial under an indictment for an assault with intent to murder, where it is shown that the party assaulted was shot from ambush, and the evidence tending to connect the defendant with the commission of the crime was circumstantial, but it was shown that the defendant on the morning of the day the assault was made had a difficulty with the person assaulted, declarations of the defendant made a few days before the assault, when talking about the person assaulted, that if he should ever have a difficulty with him, he, the defendant, would not fight a fair fight, are admissible in eveidence.

7. *Abstract, argumentative and misleading charges* are properly refused.

8. *Indictment for assault with intent to murder; charge as to reasonable doubt.*—On a trial under an indictment for assault with intent to murder, where the evidence tending to connect the defendant with the commission of the crime is circumstantial, a charge which instructs the jury that "a probability that some other person may have done the shooting is sufficient to create a reasonable doubt of the guilt of the defendant, and, therefore, of his acquittal," assert a correct proposition of law and should be given at the request of the defendant.

9. *Same; charge as to circumstantial evidence.*—In such a case, charges which instruct the jury that "circumstantial evidence that will authorize a conviction must be as strong and conconvincing as positive testimony," are erroneous and properly refused.

10. *Charge as to reasonable doubt.*—A charge which instructs the jury that they "can not guess at defendant's guilt, but must be convinced by the evidence beyond all reasonable doubt that defendant is guilty, before they can convict; and unless the jury finds that the testimony of the witnesses declare positively and beyond all reasonable doubt that the defendant is guilty the jury can not so find," is erroneous and properly refused; it not being required that the testimony of the witnesses should declare positively that the defendant is guilty.

11. *Same; same.*—For a like reason, a charge which instructs the jury that "The jury by their verdict can not go beyond the testimony of the witnesses in this case and unless such witnesses have proven positively and beyond all reasonable .doubt that the defendant did the shooting, then the jury can not convict," is erroneous and properly refused.

12. *Same; charge as to circumstantial evidence and reasonable doubt.*—On the trial of a criminal case, where the evidence tending to show defendant's guilt was circumstantial, a charge is erroneous and properly refused which instructs the jury that "the evidence in this case is circumstantial, and each fact constituting the chain of circumstances in this case must be established beyond a reasonable doubt, and to a moral certainty before you can find the defendant guilty."

13. *Same; same.*—In such a case a charge is erroneous and properly refused, which instructs the jury that "the humane provisions of the law are that upon circumstantial evidence there should not be a conviction unless to a moral certainty it excludes every other reasonable hypothesis than that of the guilt of the accused, no matter how strong may be the circumstances, if they can be reconciled with the theory that some other person may have done the shooting, then the guilt of the defendant is not shown by that full measure of proof that the law requires."

14. *Same.*—In such a case, a charge is erroneous and properly refused which instructs the jury that "before the jury can convict the defendant they must be satisfied by the evidence to a moral certainty not only that the proof is consistent with defendant's guilt, but that it is wholly inconsistent with any other rational conclusion, and unless the jury are so convinced by the evidence of defendant's guilt, that they would each venture to act upon that decision in matters of the highest concern and importance to his own interest, then they must acquit the defendant."

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. J. A. BILBRO.

The appellant in this case, George Spraggins, was indicted, tried and convicted for an assault with intent to murder and was sentenced to the penitentiary for three years. The recitals of the judgment entry as to the plea of former acquittal, and as to the issues upon which the cause was tried, are set forth in the opinion. The record proper contained no plea of former acquittal.

.   The defendant moved the court to quash the indictment, upon the ground that the grand jury which preferred it, was not drawn in the manner and by the officers provided by law, in that one J. K. Abernathy who participated and aided in the drawing of said grand jury as a member of the court of county commissioners, was not an officer or a member of said court of county commissioners, because he was not then and had not been duly commissioned as such county commissioner.   Upon the hearing of this motion, it was shown that said Abernathy had been duly elected county commissioner and was serving in that capacity when said grand jurors were drawn, but that he had never applied for a commission and no commission had ever been issued to him. The court overruled the motion, and to this ruling the defendant duly excepted.

The bill of exceptions recites that the defendant "before announcing ready for trial and before he further plead to said indictment filed his plea of former jeopardy," etc., which plea was set out at length in the bill of exceptions.   In this plea it was averred that the prosecution had been commenced against this defendant before the judge of the county court of Cherokee county, by the making of an affidavit and the issuance of a warrant charging the defendant with a misdemeanor, a copy of which affidavit and warrant were attached to said plea.   It was further averred therein that upon the hearing of said prosecution, the judge of the county court investigated the charge and instead of finally disposing of said prosecution by fine and imprisonment as he had jurisdiction to do, and as it was his duty to do, he bound the defendant over to await the action of the grand jury and committed him to jail; that the facts involved in the prosecution before the judge of the county court were identically the same facts and in reference to the same transaction as were involved in the present indictment.   The affidavit and warrant, copies of which were attached as an exhibit to the plea, show that the defendant was, in said prosecution, charged with assault with intent to murder, and it was further shown by the en-

[Spraggins v. The State.]

dorsements thereon and by the *mittimus* issued by the said county court, that the defendant was bound over to await the action of the grand jury. The State moved the court to strike this plea from the file. The court sustained this motion, and the defendant duly excepted.

The State introduced evidence tending to show that Virgil Pruett, the party alleged in the indictment to have been assaulted, was shot late one Saturday afternoon, September 20, 1902, while he and two or three other persons were in the public road; that he was shot in his face and in the side; that the person who did the shooting was in ambush, being hidden behind some bushes thirty or forty yards from where said Pruett was standing when he was shot; that after the shooting the person who did the shooting was seen to run off in the opposite direction and some of the witnesses testified that he looked like the defendant.

The evidence tending to identify the defendant as the person who shot Pruett was circumstantial, except as set out above. It was shown by the evidence that on the morning of the day on which the shooting occurred, the defendant and Pruett had had a difficulty; but after said difficulty they shook hands and agreed to drop it before they parted.

The defendant as a witness in his own behalf, testified that he did not shoot Pruett and knew nothing about it until he was told at supper after the shooting occurred. There was other evidence introduced for the defendant tending to show the good character of the defendant and to account for his whereabouts on the afternoon of the shooting.

Upon the introduction of G. W. Kelly as a witness for the State, he testified that about 3 o'clock on the afternoon of the shooting, he saw some man going through the field, about one-quarter of a mile from where the shooting occurred, that he was not close enough to say positively who it was, but that the person was about the size of the defendant and looked like the defendant; that he was well acquainted with the defendant. The defendant moved to exclude this portion of the testimony, upon the ground that it was illegal and irrelevant and

not material to any issue involved. The court overruled this objection, and defendant duly excepted.

Upon the examinaton of one Hyde as a witness for the State, he testified that he was acquainted with the defendant and Pruett, the party who had been shot: that he had a conversation with defendant about a week before the shooting, in which he and the defendant discussed what a fine man physically Pruett was, and that the defendant said "Pruett was very much of a man and if he was forced to fight him, he would not fight him fair." The defendant moved to exclude this statement of the witness Hyde from the jury, on the ground that it was illegal, irrelevant and incompetent evidence. The court overruled the motion, and the defendant duly excepted.

In addition to the first charge, which is copied in the opinion, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence in this case they will find in favor of the defendant on the plea of former acquittal, or former jeopardy." (2.) "Defendant is not called upon to show the jury that some one else did or may have done the shooting. And the fact that no one else may be suspected of the shooting is not of itself, sufficient to fasten guilt upon this defendant." (3.) "The court charges the jury the evidence against the defendant is circumstantial, and before you can find the defendant guilty each individual juror must be satisfied beyond all reasonable doubt by the evidence and to a moral certainty that no other person could have done the shooting." (4.) "The court charges the jury a probability that some other person may have done the shooting is sufficient to create a reasonable doubt of the guilt of the defendant and, therefore, for his acquittal." (5.) "The jury are not required to find who did the shooting unless they are convinced by the evidence beyond all reasonable doubt that the defendant did it." (6.) "Circumstantial evidence that will authorize a conviction must be as strong and convincing as positive

testimony." (7.) "If the jury find from all the evidence in this case that the evidence tending to connect the defendant with the shooting (if there is such evidence) is circumstantial, then this circumstantial evidence must be as strong and convincing as positive testimony." (8). "The court charges the jury before you can convict the defendant each of you must be satisfied to a moral certainty by the evidence not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every other rational conclusion, and unless each of you are so convinced by the evidence of defendant's guilt, that you would each venture to act upon that decision in matters of highest concern and importance to your own interest, then you must find the defendant not guilty." (9.) "The court charges the jury if you would not be willing to act upon the evidence in this case, if it was in matters of most solemn importance to your own interests, then you must find the defendant not guilty." (10.) "The court charges the jury that if the State has failed to convince each of you by the evidence that the defendant was present at the shooting of Pruett to that degree of certainty that you would venture to act upon that conviction in matters of serious concern and importance to your interest, then it is your. duty to and you must find the defendant not guilty." (11.) "The jury can not guess at defendant's guilt, but must be convinced by the evidence and beyond all reasonable doubt that defendant is guilty or they can not convict; and unless the jury find that the testimony of the witnesses declare positively and beyond all reasonable doubt that defendant is guilty, the jury can not so find." (12.) "The jury by their verdict can not go beyond the testimony of the witnesses in this case, and unless such witnesses have proven positively and beyond all reasonable doubt that defendant did the shooting, then the jury can not convict." (13.) "The court charges the jury the evidence in this case is circumstantial, and each fact constituting the chain of circumstances in this case must be established beyond a reasonable doubt and to a moral certainty before you can find the defendant guilty." (14.) "The court

charges the jury the humane provisions of the law are that upon circumstantial evidence there should not be a conviction unless to a moral certainty it excludes every other reasonable hypothesis than that of the guilt of the accused, no matter how strong may be the circumstances if they can be reconciled with the theory that some other person may have done the shooting, then the guilt of the defendant is not shown by that full measure of proof that the law requires." (15.) "The court charges the jury that before the jury can convict the defendant they must be satisfied by the evidence to a moral certainty not only that the proof is consistent with defendant's guilt, but that it is wholly inconsistent with any other rational conclusion, and unless the jury are so convinced by the evidence of the defendant's guilt that they would each venture to act upon that decision in matters of the highest concern and importance to his own interest, then they must acquit the defendant."

H. W. CARDEN and BURNETT, HOOD & MURPHREE, for appellant, cited Crim. Code, § 5154; 1 Mayfield's Digest, 78, §§ 20-21; *Word's case,* 50 Ala. 114; *Ex parte Pruitt,* 99 Ala. 225; *Morris v. State,* 71 Ala. 307; *Nonnemaker's case,* 34 Ala. 211; *Drake v. State,* 60 Ala. 42; *DeArman v. State,* 77 Ala. 16; *Rickles v. State,* 68 Ala. 538; *Moody v. State,* 60 Ala. 78.

MASSEY WILSON, Attorney-General, for the State. Abernathy was a *de facto* commissioner, and, therefore, the motion to quash the indictment was properly refused.—*Cary v. State,* 76 Ala. 78.

The action of the court in striking the plea in abatement was proper.—Code, § 4597; *Horton v. State,* 80 Ala. 9.

The defendant's objection to the testimony of the witness Kelly was properly overruled. That defendant was in the vicinity of the crime on the evening of its commission, was a circumstance admissible in evidence against him, its weight being for the jury.—*Barker v. State,* 128 Ala. 69; *Campbell v. State,* 23 Ala. 44. The

testimony of the witness Hyde to which the defendant objected was properly admitted.—*Hudson v. State,* 61 Ala. 333; *Myers v. State,* 62 Ala. 599.

The charges requested by the defendant were properly refused.—*Perry v. State,* 87 Ala. 30; *Crawford v. State,* 112 Ala. 27; *Thornton v. State,* 113 Ala. 43; *Amos v. State,* 123 Ala. 50; *Pickens v. State,* 115 Ala. 42.

DOWDELL, J.—The judgment entry as shown by the record contains the following recital: "The defendant then being arraigned under said indictment filed his plea of former acquittal in this case and also plead not guilty, and upon these pleas the State by her solicitor took issue," etc. The bill of exceptions contains the statement that the plea of former acquittal was upon motion of the solicitor stricken from the file. Thus it will be seen that there is a seeming conflict between the recitals in the judgment entry and the bill of exceptions. "Where a conflict arises between recitals in the bill of exceptions and the judgment entry, as to a matter which should be contained and set out in the judgment, as a general rule, the recital in the latter will prevail." *Butler & Stevens v. Savannah Guano Co.,* 122 Ala. 326; citing *Danforth & Armstrong v. Tenn. & Coosa R. R. Co.,* 93 Ala. 614, and *Couric & Co. v. Goodwin,* 89 Ala. 569. See also *Brinson v. Edwards,* 94 Ala. 447; *Dannelley v. State,* 130 Ala. 132.

There can be no doubt but that the issue upon which a cause is tried are properly recited in the judgment entry, and will prevail over a contradictory statement in the bill of exceptions. So, according to the record the case was submitted to the jury upon both pleas at the same time. The verdict of the jury was not responsive to the plea of former acquittal, but only to the plea of not guilty. The defendant was entitled to a responsive verdict on his plea of former acquittal, and this he did not have according to the recitals in the judgment. For this reason the judgment must be reversed.—*Davis v. State,* 136 Ala. 129; *Moody v. State,* 60 Ala. 78; *Dominick v. State,* 40 Ala. 680.

The motion to quash the indictment was properly

overruled. It was shown that J. K. Abernathy had been duly elected as one of the court of county commissioners, and entered upon the discharge of his duties as such, though he had not received his commission from the Governor. Under these circumstances, the fact that he acted with the other commissioners in the drawing of the juries before receiving his commission, did not vitiate such drawing.—*Cary v. State,* 76 Ala. 78.

There was no error in sustaining the motion to strike the plea set out in the bill of exceptions. The affidavit and warrant attached to the plea as an exhibit, and which was so attached as a description of the offense, and for the purpose of showing that it was the charge or offense upon which he, the defendant, was tried before the probate judge sitting as the judge of the county court, charged the defendant with a felony, namely, assault with the intent to murder. The judge of the county court had not final jurisdiction of the offense charged, the same being a felony, his jurisdiction was that of a committing magistrate. The affidavit and warrant were sufficiently definite in the description of the offense, (Criminal Code, Chapter 178, Art. 1, p. 403), and plainly showed that the offense charged was a felony. The plea presented no defense to the indictment and was subject to the motion to strike, as being frivolous. We have considered the question of striking the plea, not that it is properly raised and presented by the bill of exceptions, since the record shows no judgment on the motion to strike, but as the judgment is to be reversed and the cause remanded for another trial, the question will again arise, and for that reason we have considered it. The record proper apart from the recitals in the judgment, fails to show that any pleas were filed. Pleadings and the rulings thereon should be shown by the record, and where a motion to strike pleading is ruled on, a bill of exceptions is proper to show the motion and that an exception was reserved to the ruling, but, at the same time, the record proper should show that a judgment was rendered by the court.

There was no error in overruling the defendant's ob-

jection to the testimony of the witness Kelly. That the defendant was in the vicinity on the evening of the commission of the crime was a circumstance admissible in evidence against him, its weight being for the jury.—*Ba-l..r v. State,* 126 Ala. 69; *Campbell v. State,* 23 Ala. 44.

There was no error in admitting the evidence of the witness Hyde over defendant's objection. The party assaulted was shot from ambush. He had a difficulty with defendant on the morning of the day of the alleged assault. The declarations of the defendant a few days before this when talking about the person assaulted to the effect, that if he should ever have a difficulty with Pruett, the party alleged in the indictment to have been assaulted, that he, defendant, would not fight a fair fight, etc., was proper to go to the jury to be considered by them in connection with other circumstances tending to connect with the crime charged.—*Hudson v. State,* 61 Ala. 333; *Myers v. State,* 62 Ala. 599.

There were a number of charges requested by the defendant and which were refused. The first charge requested was as follows: "If the jury believe the evidence in this case they will find in favor of the defendant on his plea of former acquittal or former jeopardy." The bill of exceptions contains no evidence to support such plea. The charge, therefore, was abstract, and for that reason was properly refused.

Charges 2 3, 5, 8, 9 and 10 have the infirmity of being argumentative or misleading, and in some of them both faults.—*Pickens v. State,* 115 Ala. 42, 50; *Crawford v. State,* 112 Ala. 27; *Amos v. State,* 123 Ala. 50.

A charge similar to charge 4, requested by the defendant, was pronounced good in the case of *Pickens v. State, supra.* The charge should have been given.

There was no error in the refusal to give charges 6 and 7 requested by the defendant.—*Thornton v. State,* 113 Ala. 43; *Bland v. State,* 75 Ala. 574; *Banks v. State,* 72 Ala. 522.

Charges 11 and 12 were properly refused. It is not required that the testimony of witnesses shall "declare positively" that the defendant is guilty. Charge 13 was bad. Charges similar to this were condemned in *Vaughn v. State,* 130 Ala. 18, and authorities there cited.

Charges 14 and 15, if for no other reason, were properly refused as being argumentative. Similar charges have been repeatedly condemned by this court.—*Compton v. State,* 110 Ala. 24; *Sanders v. State,* 134 Ala. 74; and authorities cited in these cases.

The judgment will be reversed for the errors pointed out, and the cause remanded.

Reversed and remanded.