(136 So. 843)

**BEVERETT v. STATE.**

**4 Div. 764.**

Court of Appeals of Alabama.
June 16, 1931.

Rehearing Denied Aug. 4, 1931.

Thos. E. Knight, Jr., Atty. Gen., and Thos. S. Lawson, Asst. Atty. Gen., for the State.

Sollie & Sollie, of Ozark, for appellant.

BRICKEN, P. J.

The indictment charged murder in the first degree, and upon arraignment of the accused, the court, as the law requires, made an order fixing the number of jurors to constitute the venire to try the defendant. The number so fixed, and from which the jury was to be selected, was 71; of this number 45 were the regular jurors drawn and summoned for said week of court, and 26 were specially drawn to complete the venire. Before entering upon the trial, the defendant moved the court to quash the venire because

the name of one J. Oscar Crumpler appeared twice on the list. Upon the hearing of the motion it appeared that the said J. Oscar Crumpler, whose name appeared on the venire as juror No. 1 and also as juror No. 71, was one and the same person. The court overruled the motion to quash, and defendant excepted. There was no error in this ruling. This identical question has been decided adversely to the insistence of appellant in numerous decisions of this court, and the Supreme Court. We need, however, advert only to the case of Evans v. State, 209 Ala. 563, 566, 96 So. 923, 925, wherein it was said by a majority of the court: "The trial court did not commit reversible error in putting the defendant on trial by the venire drawn, notwithstanding the duplication on the list of the name of Jas. A. Mitchell. This error doubtless occurred in filling the box, and, notwithstanding the venire was one name short, it contained 49 more names than the minimum number fixed by law, and from aught appearing 30 or more appeared, and it was not necessary to augment the number unless reduced below 30. The authorities relied upon in the opinion of Thomas, J., except perhaps the Jackson Case [171 Ala. 38, 55 So. 118], were under older jury laws; but the law of 1909 and 1919 indicated a legislative desire to avoid reversals by errors of this character should it appear that there was no error in the order of the court, and that the defendant was tried by what constituted a lawful venire, that is, had a venire of 50 or over in the first instance, and the list from which he was to strike contained 30 or more names. Courts are not only intended to administer justice, but should be also conducted for practical purposes, and to our mind it would be a legal travesty to reverse this case solely upon the ground that the name of Mitchell was duplicated, notwithstanding the venire contained 99 names, and the defendant had every means of securing a fair and impartial jury."

■ The law of self-defense is involved in this case, and in instructing the jury as to this the court fully, ably, and forcibly charged them upon every phase of the law as to self-defense. It was therefore proper to refuse special written charge 4. It may be said of this charge, however, it was otherwise properly refused. We see no necessity of indulging criticisms of the charge, or pointing out its many infirmities, as its refusal was manifestly without error.

In a well-prepared and able brief, counsel for appellant has subdivided and numbered consecutively the remaining points of decision relied upon to effect a reversal of the judgment of conviction from which this appeal was taken. Each of these propositions, thus presented, has had our careful and attentive consideration. As the questions presented relate to the rulings of the court upon the admission of evidence and these questions pertain only to the case at bar, presenting no new or novel proposition of law, we shall refrain from dealing specifically with each of them ad seriatim, as no good purpose could be subserved in so doing. In order, however, for appellant to have the benefit of our views in this connection and for further review by certiorari as the law provides, if such action be desired, we will here advert to the enumerated propositions by their numbers as appear in brief. The rulings of the court upon the admission of evidence complained of as error in propositions 2, 3, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 19, are in our opinion free from reversible error. We do not accord to the insistences of appellant as to any or either of the propositions thus designated.

In proposition 4, appellant complains that the dying declarations were erroneously admitted for want of proper predicate. This insistence is so clearly without merit no discussion is necessary. The court properly admitted the testimony as to dying declarations as the predicates for so doing were full and complete and met every requirement.

■■ By proposition 7 the appellant injects the question of flight of the accused and insists the state attempted to prove flight and that, in refutation, the court erred in not allowing him to show by witness Arthur Preston that defendant went to the county jail and surrendered after having inflicted upon deceased the knife wounds from which his death resulted. This insistence is untenable. The state did not prove, or attempt to prove, flight, offered no evidence tending to show that he fled the community or was a fugitive, and therefore the evidence sought to be introduced by the defendant to the effect that he surrendered to the county jail was irrelevant, inadmissible, and incompetent. The court properly so held. The testimony of several witnesses, to the effect that immediately after inflicting the mortal knife blows upon deceased that defendant ran from the place of killing, cannot be construed as attempting to show flight as the law contemplates. This evidence was of the res gestæ and contemporaneous therewith—a part of the transaction complained of. It is elementary that where the state made no attempt to show flight of the defendant, or that he in any way tried to avoid being captured, the testimony here sought was wholly inadmissible. Murphy v. State, 14 Ala. App. 78, 71 So. 967; Pate v. State, 94 Ala. 14, 10 So. 665; Johnson v. State, 94 Ala. 35, 10 So. 667; Barnett v. State, 165 Ala. 59, 51 So. 299.

Proposition 18, as to the court's rulings in refusing to allow defendant to introduce in evidence certain letters, alleged to have been written by state witness Mary Lou Rash to

defendant several months prior to the fatal difficulty here complained of, is also without merit. These letters were inadmissible and irrelevant for any purpose; the court properly so held.

The foregoing deals with every proposition presented upon this appeal. In no ruling of the trial court is there any reversible error. The record proper is regular and without error. Let the judgment of conviction from which this appeal was taken stand affirmed.

Affirmed.