23 So.2d 874

**INTER–OCEAN CASUALTY CO. v. BANKS.**

**4 Div. 839.**

Court of Appeals of Alabama.

Nov. 27, 1945.

Roy L. Smith, of Phenix City, and Jas. Hines, of LaFayette, for appellee.

A. L. Patterson, of Phenix City, for appellant.

BRICKEN, Presiding Judge.

The question of primary importance presented by this appeal is whether or not the venire of jurors drawn and summoned for the week in which this case was tried in the court below should have been quashed on appellant's motion.

The facts on which the motion to quash the venire are based, are set forth in extenso in our opinion in Cook v. State, Ala. App., 21 So.2d 446.[1] Briefly stated, the motion is predicated upon the fact the venire was drawn from a box that contained only the names of citizens who resided in that portion of Russell County that formerly composed the Northern Judicial Division of that county. The box did not contain the names of any qualified citizen residing in that portion of the county that formerly composed the Southern Judicial Division of the county. This was brought about by the enactment of local legislation abolishing the judicial divisions. This had the effect of authorizing and requiring only one jury box for the entire county instead of a jury box for each judicial division. The jury commission did not consolidate the two

---

[1] Ante, p. 54.

boxes following the enactment of that legislature, hence the limited number of names in the box from which the venire was drawn.

The Statutes of this State are clear and unambiguous with respect to the preparation of the jury roll and the filling of the jury box. The clerk of the jury commission is required, under the direction of the jury commission, to obtain the name of every male citizen of the county over twenty-one and under sixty-five years of age, and their occupation, place of residence and place of business. Code 1940, Title 30, Section 18.

The Statute also requires the jury commissioners to meet in the court house at the county seat of the several counties on the first Monday in October of each year and to make in a well bound book, a roll containing the name of every male citizen in the county who possesses the qualifications prescribed by law for jurors who are not exempted from serving on juries. This roll is known as the jury roll. Code 1940, Title 30, Section 20.

Upon completion of the roll, the jury commission is required to have prepared plain white cards all of the same size and texture, on which are written or printed the occupation, place of residence and place of business of the person whose name has been placed on the jury roll, writing or printing but one person's name, occupation, place of residence and of business, on each card. These cards are required to be placed in the jury box. The jury commission is charged with the duty of seeing that the name of every person possessing the qualifications required of jurors and not exempted by law from jury duty, is placed on the jury roll and in the jury box. Code 1940, Title 30, Section 24.

Tampering with the jury box and the doing of any act calculated to affect the fair drawing of a jury, are each made crimes punishable by imprisonment in the penitentiary. These statutory provisions exclude any idea of any authority for drawing a venire from a box that was not filled according to law. They also exclude any idea of any authority in the jury commission to intentionally omit the names of citizens who possess the qualifications required by law of jurors from the jury roll or to leave those names out of the jury box. These legislative safeguards were established to protect litigants and to insure a fair trial by an impartial jury. Substantial compliance with these requirements is necessary in order to safeguard the administration of justice. Section 46. Section 46 of the same title provides: "No objection can be taken to any venire of jurors except for fraud in drawing or summoning the jurors."

This provision of our procedural Statute was enacted to accomplish a most salutary purpose, that is to prevent the quashing of venire for mere irregularities and to obviate the resulting delays in the administration of justice. Wimbush v. State, 237 Ala. 153, 186 So. 145.

Fraud is a relative term, it includes all acts and omissions which involve a breach of legal duty injurious to others. 17 Words and Phrases, Perm.Ed., p. 527.

When it affirmatively appears that the names of a large number of citizens who possess the qualifications required by law of jurors, are intentionally omitted from the jury roll and intentionally left out of the jury box, we think that is a fraud in law that requires the quashing of a venire drawn from a box of that kind. It is not the kind of a jury box contemplated by law. Our Statutes do not contemplate discriminations of that kind, neither do they tolerate any system or scheme of selecting other than the selection of names authorized by law in passing on the qualifications of the names obtained by the clerk. Doss v. State, 220 Ala. 30, 123 So. 231, 68 A.L.R. 712. We are, therefore, of the opinion that the fraud in law necessitates a reversal of this case. We would not be understood as reflecting upon the jury commission of Russell County or the Judge who presided on the trial of this case. We are convinced that no fraud was intended. The county had two jury boxes previous to the enactment of the local legislation referred to, from which juries for the respective judicial divisions of the county were lawfully drawn. It probably did not occur to the jury commission that it was necessary to consolidate the two boxes following the enactment of the local legislation in order for the county to have a lawful jury box. It is nevertheless quite clear that the box from which the venire was drawn in this case was not a lawful jury box and that the absent names were intentionally left off the jury roll and left out of the jury box. We say intentionally because it was the duty of the jury commission to leave names of citizens residing in the Southern Division out of the particular box at the time it was filled. The subsequent local legisla-

228

tion made it necessary for the boxes to be consolidated. This was not done. We, therefore, reluctantly reach the conclusion that the names were intentionally omitted from the box and for that reason, the motion to quash should have been granted.

It is unnecessary at this time to pass on the admissibility, in evidence, of the opinion of nonexpert witnesses respecting the insanity of John Howard. Those questions may not arise on a future trial.

The judgment appealed from is reversed and the cause is remanded.

Reversed and remanded.