303 So.2d 123

**James Henry MITCHELL**

v.

**STATE.**

**8 Div. 371.**

Court of Criminal Appeals of Alabama.

Aug. 13, 1974.

Rehearing Denied Oct. 1, 1974.

**626**

J. Knox Argo, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Wayne P. Turner, Sp. Asst. Atty. Gen., for the State.

ALMON, Judge.

Appellant was convicted of robbery and sentenced to thirty years in the State penitentiary.

Mrs. Grace Grissom, the victim, testified that appellant entered her grocery store in Tuscumbia early in the morning of July 5, 1972, and used her telephone. He returned to the store later that same morning between 11:00 A.M. and 12:00 noon and, wielding a gun, demanded Mrs. Grissom's money. Mrs. Grissom selected from some eleven photographs exhibited to her shortly after the robbery the picture of the robber. This picture was that of appellant. Mrs. Grissom also made an in-court identification of the appellant as her assailant.

The victim's testimony was corroborated by that of neighborhood residents who testified to having seen a young black male running away from the store in close time proximity to the robbery. One of these witnesses saw a pistol in the hands of the fleeing party. Further evidence corroborated Mrs. Grissom's testimony that the robber fired a shot at her prior to his retreat; and, that the projectile fortunately struck her spectacle frames mitigating the normal, expected consequences. The gunshot did, however, produce superficial wounds requiring hospitalization.

The State's witnesses included two taxi drivers. The first driver testified that he picked appellant up in Sheffield around 12:30 P.M., July 5, 1972, and drove him to Florence. The second driver testified that he drove appellant and a female companion from Florence, Alabama to Lawrenceburg, Tennessee, whereupon they announced their plans to terminate their taxi journey for which the original destination was Columbia, Tennessee. During this second taxi ride, the appellant propounded the following questions to the tax driver: (1) What is the fare to Decatur?, (2) What is the price to Huntsville Jet Port?, and (3) Can the Florence authorities cross the Tennessee line and apprehend me?

Clearly, the State's evidence was calculated to show the appellant's flight from the scene of the crime. This is relevant evidence tending to prove consciousness of guilt. Desilvey v. State, 245 Ala. 163, 16 So.2d 183. The State, having introduced evidence tending to prove flight, opened the door for the appellant to prove that his departure from the scene of the crime was motivated by factors other than the consciousness of guilt. Goforth v. State, 183 Ala. 66, 63 So. 8; Crenshaw v. State, 205 Ala. 256, 87 So. 328; Green v. State, 258 Ala. 471, 64 So.2d 84.

Appellant attempted to show by his mother that, after a short vacation visit with his parents, appellant left her home with announced intention of going to his home in Chicago, Illinois. The following testimony and objections and ruling pursuant thereto appear in the record:

"MR. GRAHAM CONTINUES: Do you remember him leaving your house or not sometime the day that he was arrested?

"A. Yes.

"Q. What time did he last leave the house?

"A. He left my house around 11 o'clock going home.

"Q. Going home?

"A. Yes, that is what he told me.

"MR. PATTON: I want to object to that and ask that it be stricken, if it please the Court.

"BY THE COURT: Sustained. And it will be stricken from the jury's mind, the jury will not pay any attention to it.

"MR. GRAHAM: We except.

.    .    .    .    .    .

"Q. Did you tell them good-by and they told you good-by?

"A. Yes, I never did go in the house, but we talked and everything because I was kind of on the dirty side and I told them I would see them later. And he said, 'Well, Mama—'

"MR. PATTON: I am going to object to anything that they said.

"BY THE COURT: Sustained.

"MR. GRAHAM: We except. We offer to show by this testimony what transpired at the time the cab driver picked them up—the cab driver testified about picking them up and what was said and we have a right to go into it.

"BY THE COURT: The objection is sustained, let's move on.

"MR. GRAHAM: We except."

■ We are of the opinion that appellant's declarations contemporaneous with his departure were admissible as tending to negate the inference that he was motivated by consciousness of guilt to flee. This type declaration falls within an exception to the hearsay rule; i.e., the exception permitting the admission of hearsay declarations which express the design, intent, motive, etc., of the declarant. Davis v. State, 188 Ala. 59, 66 So. 67; Maddox v. State, 159 Ala. 53, 48 So. 689; *Crenshaw,* supra.

In *Goforth,* supra, the Court made the following remarks:

"When a crime has been committed, and the state offers evidence tending to show that the defendant *absented* himself from the community in which the crime was committed, the *value* of this *fact of flight* depends entirely upon the *purpose* of the defendant in thus absenting himself from the community. The question as to *why* the defendant *left* the community and remained away from it becomes a question for the jury, and so, when the *state* offers the *fact* of the defendant's flight from the community in evidence, the law allows *both* the *state* and the *defendant* to show all those things which the defendant said and did *when he left,* and *while away* from the community, which tend to explain the quo animo of the *flight,* whether the absence of the defendant was due to his *sense of guilt,* or his desire to *avoid,* or *through fear of,* arrest, or on the other hand, whether his absence was due to other causes.

"The evidence which the defendant may offer on this subject cannot be offered or received as self-serving declarations tending to show that he has no connection with the commission of the corpus delicti. The evidence which he may lawfully offer on this subject is evidence *connected with his flight,* and explaining the character of the flight. In other words, when the state, in a criminal case, offers evidence tending to show flight on the part of the defendant, then the *acts and words* of the defendant which are so connected with the flight *as to give character to it,* and to really give color to it, are *parts* of the res gestae of the flight, and are admissible as such. .  .  ."

We pretermit discussion of other issues which, we feel, will not arise on retrial of this cause.

For the foregoing reasons, the judgment is hereby reversed and the cause remanded.

Reversed and remanded.

All the Judges concur.