The appellant was indicted and convicted of the robbery of Patricia Leroy who managed the Eighth Avenue Quick Stop in Jefferson County, Alabama. Punishment was fixed by the jury at imprisonment in the penitentiary for a term of ten years and judgment was entered accordingly.
The state's sole witness was Ms. Leroy who stated that on March 5, 1975, the appellant entered the Quick Stop, pulled a gun and demanded the money. Leroy took the money from the cash register, placed it in a paper sack, and gave it to the appellant who "said thank you and went out the door". Although Leroy saw the appellant go out the door of the store she did not see whether he left in a car, ran or walked away.
The sole witness for the accused was his sister, Jacqueline Rowser. She testified that she took the appellant to the Homewood Police Station when they learned that the police were searching for the appellant following the robbery.
The appellant's basis for this appeal is that the trial court erred in refusing two of the appellant's requested charges.
 I
The following requested written charge of the appellant was refused by the trial court:
 "I charge you ladies and gentlemen of the jury, that the lack of flight on behalf of the defendant may evidence actions in accordance with innocence."
The appellant argues that the state was allowed to produce the incriminating evidence that the accused fled the scene of the crime. Consequently, evidence that the accused did not flee but surrendered himself upon learning of his impending arrest was relevant and admissible.
Flight, means, as a rule, when used in connection with a prosecution for crime, that the defendant absented himself from the community of the crime out of a sense of guilt, out of fear of, or to avoid arrest. Goforth v. State, 183 Ala. 66, 63 So. 8
(1913); Gilbert v. State, 20 Ala. App. 28, 100 So. 566 (1924);Walters v. State, 24 Ala. App. 370, 135 So. 600 (1931). The state is entitled to introduce evidence of the flight of a defendant from the scene of the crime as a circumstance to show guilt. Connell v. State, 56 Ala. App. 43, 318 So.2d 782 (1974)Vaughn v. State, 57 Ala. App. 134, 326 So.2d 662 (1976); 6 Alabama Digest, Criminal Law, 351 (3); McElroy, *Page 535 The Law of Evidence in Alabama, Vol. 1, pp. 25-28. However, where the state does not seek to show flight on the part of the defendant, it is incompetent for the defense to show that the accused voluntarily surrendered or failed to flee when the opportunity was offered. McAllister v. State, 30 Ala. App. 366,6 So.2d 32 (1942); Coleman v. State, 87 Ala. 14, 6 So. 290
(1888); Pate v. State, 94 Ala. 14, 10 So. 665 (1891); Vaughn v.State, 130 Ala. 18, 30 So. 669 (1901); Walker v. State,139 Ala. 56, 35 So. 1011 (1904); Hendley v. State, 200 Ala. 546,76 So. 904 (1917); Hurst v. State, 1 Ala. App. 235, 56 So. 18
(1911); Starke v. State, 31 Ala. App. 322, 16 So.2d 426 (1944);Hayes v. State, 33 Ala. App. 364, 33 So.2d 744 (1948).
Where there is no evidence of flight offered by the state, the refusal of the accused to flee is not admissible for him as tending to establish his innocence. The admission of such evidence would be to allow him to make testimony for himself.Pate v. State, 94 Ala. 14, 10 So. 665 (1891); Terry v. State,13 Ala. App. 115, 69 So. 370 (1915); Jordan v. State, 81 Ala. 20,1 So. 577 (1886).
The question in this case is whether the state introduced any evidence of flight. Absent such evidence, proof of surrender by the appellant was incompetent and immaterial.
The appellant urges that flight was shown when the state proved that the robber left the scene of the crime. Such an insistence has been previously rejected by the Alabama Court of Appeals as "untenable". Beverett v. State, 24 Ala. App. 470,136 So. 843 (1931). In so holding, the appellate court stated that:
 "The testimony of several witnesses, to the effect that immediately after inflicting the mortal knife blows upon deceased that defendant ran from the place of killing, cannot be construed as attempting to show flight as the law contemplates. This evidence was of the res gestae and contemporaneous therewith — a part of the transaction complained of." Beverett, at 471, 136 So. at 844.
However, under certain circumstances, the fact that the accused made a hurried departure from the scene of the crime immediately after the crime was committed may constitute evidence of flight. Muse v. State, 29 Ala. App. 271, 196 So. 148
(1940) (". . . there can be no set or specific time necessary to constitute flight, and the distance the accused ran before he was apprehended is also immaterial." at 29 Ala. App. 274,196 So. 150). This will be true especially where the evidence shows that the accused secreted himself or left the county or jurisdiction immediately after the commission of the crime,Mitchell v. State, 53 Ala. App. 625, 303 So.2d 123, cert. denied, 293 Ala. 767, 303 So.2d 126 (1975); or that the accused was seen running from the scene of the crime after an alarm had been sounded. Muse, supra. However, the mere fact that the accused left the scene of the crime is not evidence of flight.Beverett, supra; Powell v. State, 39 Ala. App. 246, 100 So.2d 38
(1957).
Here the state introduced no evidence of flight. The appellant was not entitled to introduce any evidence of voluntary surrender.
Nevertheless, the appellant maintains that even if he was not entitled to introduce evidence of his surrender, once such evidence was admitted without objection by the state, it became relevant and the appellant was therefore entitled to a charge concerning such evidence. We disagree. This contention was faced by the appellate court in Powell v. State, 39 Ala. App. 246,254, 100 So.2d 38, 46 (1957). We answer the appellant's argument by referring to the language in Powell:
 "Although the state waived objection to this evidence, we do not consider that the trial judge should be considered in error for refusing a charge which has for its major premise immaterial evidence."
 II
The appellant also asserts as error the failure of the trial court to give a written requested charge relating to the possibility of human error or mistake in considering testimony as to identity. There *Page 536 
was not one iota, scintilla, suspicion, or shadow of evidence that the state's witness was anything but positive in her identification of the appellant as the robber. There was no basis for this charge in the facts of this case. Additionally, considering the trial court's charge as a whole and as we must, we are compelled to reach the conclusion that the key issue sought to be recognized in the written requested charge was adequately covered by the trial court in its oral instructions on credibility of the witnesses, reasonable doubt and burden of proof.
Having considered the entire record as required by law and finding the record free from error, we are of the opinion that this case is due to be and is hereby
AFFIRMED.
All Judges concur.