Defendant Kittle was convicted of violating the Alabama Controlled Substances Act by selling amphetamines. The trial court's denial of defendant's motion attacking the composition of the jury roll and jury box of Marshall County was affirmed by the Court of Criminal Appeals. Defendant petitioned this Court for a Writ of Certiorari to review the opinion of the Court of Criminal Appeals, claiming it was contrary to a decision of this Court in Gregg v. Maples, 286 Ala. 274,239 So.2d 198 (1970), and a decision of the Court of Criminal Appeals, Inter-Ocean Casualty Co. v. Banks, 32 Ala. App. 225,23 So.2d 874, 875 (1945). The Court of Criminal Appeals held:
 "We do not hold that the jury roll at the time of the hearing on the motion to quash, substantially conformed to the requirements of Code of Alabama Recompiled 1958, 1973 Cum. Pocket Part, Tit. 30, § 20, or that there had been as of that time substantial compliance with all the duties by the members of the Jury Commission and its clerk. Such a question is better resolved, and, if resolved against the Commission, a more beneficent result is obtained, by a mandamus proceeding against the members of the Commission, in which they are given a right to answer and be heard, after due notice and an adequate opportunity to present their side of the case, as was true in Gregg v. Maples, 286 Ala. 274, 239 So.2d 198
(1970)."
The Court of Criminal Appeals seems to suggest that the defendant's remedy was to file mandamus. Mandamus would be the better procedure, but a motion to quash the venire is not an inappropriate remedy and has been used before. See Inter-OceanCasualty Co. v. Banks, supra. The defendant here attacked the composition of the venire by a motion to quash. The Court of Criminal Appeals, therefore, should review the trial court's ruling on defendant's Motion to Quash the Venire and apply the rule of our cases that a jury venire should not be quashed "except on motion and proof in the circuit court showing fraud in filling the jury box or in drawing and summoning them." Bellv. Terry, 213 Ala. 160, 104 So. 336 (1925).
The cause must be reversed and remanded to the Court of Criminal Appeals to determine whether the defendant did "prove fraud in filling the jury box or in drawing and summoning them."
REVERSED and REMANDED.
All the Justices concur. *Page 1271