This case, before the Court upon Writ of Certiorari, concerns a Motion to Quash the Venire filed by petitioner, Braxton Lee Kittle. This case was previously before this Court, but was remanded to the Court of Criminal Appeals to determine whether Kittle proved fraud in the filling of the jury box or in the drawing or summoning of jurors. See Kittle v. State, S.C. 2608[MS], (decided January 6, 1978), Ala.Sup., 362 So.2d 1269. The Court of Criminal Appeals, pursuant to our Order, reviewed this matter and held: *Page 1273 
 ". . . [W]e determine and find that defendant did not prove fraud in filling the jury box or in drawing and summoning them." Kittle v. State, 8 Div. 894[MS], (decided February 21, 1978), Ala.Crim.App., 362 So.2d 1271.
We reverse and remand.
On October 2, 1975, Kittle was indicted for alleged violations of the Alabama Uniform Control Substances Act of 1971. Tit. 22, § 258 (33), Code (1973 Cum.Supp.).[1] At his arraignment, he pleaded "Not guilty" and trial was set for December 1, 1975. Subsequently, his case was continued and trial was reset for April 5, 1976.
On March 31, 1976, Kittle filed a motion attacking the composition of the jury roll and jury box of Marshall County. At the hearing on this motion, Kittle was joined by other defendants who had filed similar motions. It is the denial of this motion for which Kittle presently seeks review.
Preliminarily, it should be noted that Kittle raised this issue by a Motion to Quash — not by Writ of Mandamus. "Mandamus is an appropriate procedure [State ex rel. Gregg v.Maples, 286 Ala. 274, 239 So.2d 198 (1970)] but . . . a motion to quash the venire is not an inappropriate remedy and has been used before." Kittle v. State, S.C. 2608[MS], (decided January 6, 1978), Ala.Sup., 362 So.2d 1269, citing Inter-Ocean CasualtyCo. v. Banks, 32 Ala. App. 225, 23 So.2d 874 (1945).
In its first opinion in this case, the Court of Criminal Appeals did not recite much of the testimony received at the hearing. The court did state, however: "that there are many indications in the evidence that they [the Marshall County Jury Commission] failed to comply with all their duties." 362 So.2d, at 1262. Furthermore, the court carefully noted:
 "We do not hold that the jury roll at the time of the hearing on the motion to quash, substantially conformed to the requirements of Code of Alabama Recompiled 1958, 1973 Cum. Pocket Part, Tit. 30, § 20, or that there had been as of that time substantial compliance with all the duties by the members of the Jury Commission and its clerk." 362 So.2d, at 1264-1265.
Kittle, pursuant to Rule 39 (k), ARAP, supplemented the abbreviated facts stated in the Court of Criminal Appeals' opinion. These recitals, substantiated by the record, indicate that there was not complete compliance with statutory requirements in several respects, not here necessary to enumerate or to comment upon, because we reverse on another point as hereinafter spelled out.
Title 30, § 46, Code,[2] provides:
 "No objection can be taken to any venire of jurors except for fraud in drawing or summoning the jurors."
The purpose of this statute is to accomplish the salutory purpose of preventing the quashing of venires for mere irregularities and to obviate the resulting delays in the administration of justice. Wimbush v. State, 237 Ala. 153,186 So. 145 (1939). The "irregularities" spoken of refer to trivial administrative errors. See Zininam v. State, 186 Ala. 9,65 So. 56 (1914); and Beverett v. State, 24 Ala. App. 470, 136 So. 843
(1931). They do not refer to such radical departures from the statutory scheme as to constitute a usurpation of legislative authority. State, ex rel. Gregg v. Maples, 286 Ala. 274,239 So.2d 198 (1970).
The activating word "fraud" as used in the statute, has been construed as encompassing more than criminal wiles; instead, it is a relative term which "includes all acts and omissions which involve a breach of legal duty injurious to others."Inter-Ocean, 32 Ala. App., at 227, 23 So.2d, at 875. See alsoGregg, supra. Thus, a legal fraud is all that is required by the statute for a venire to be quashed.
The jury statutes, as to each precise provision, are not themselves mandatory; (Tit. 30, § 44, Code)[3] substantial compliance *Page 1274 
with them is required; [Inter-Ocean, supra] but in one respect, we specifically find the type of legal "fraud" condemned inGregg, supra.
Section 9 provides, in part:
 "Each of said jury commissions shall be composed of three members. . . ."
A quorum of two members is required to transact business. Tit. 30, § 11, Code.[4]
Section 10[5] provides:
 "The governor shall appoint the members of several jury commissions who shall constitute said several commissions during the governor's tenure of office and until their successors are appointed and qualified, and thereafter the governor shall appoint the members of said jury commissions for and only during the tenure of office of the governor making the appointment and until their successors are appointed and qualified."
As the Report of the Attorney General, April-June, 1939, p. 249, and April-June, 1943, p. 89, correctly points out, the term of such commissioners runs from the date the governor takes office until the end of his term. Old commissioners may be held over for a "reasonable time" or until their successors are appointed. Furthermore, the "tenure of the office of the governor" refers to each individual term of the governor and commissioners, therefore, must necessarily be reappointed.
In the case before us, Marshall County had but two Commissioners in that one had resigned. Of these remaining two, only one, Leroy Sumners, had attended any meetings within the past year. The other Commissioner, James Forrester, had not attended meetings but had, instead, paid Roy Cooley, to attend them and act in his place. It is undisputed that Cooley has never been appointed by the Governor and is not an official member of the Jury Commission.
The State argues that Cooley is a de facto Commissioner. As authority for this contention, it cites Spraggins v. State,139 Ala. 93, 35 So. 1000 (1903). The court in that case merely held that a duly elected commissioner, acting within that capacity, but prior to reception of his official commission, acted as ade facto commissioner. This case is inapplicable here because the commissioner in Spraggins had met all but mere formal requirements of the commission. Here, however, Cooley has neither been elected nor appointed by the Governor. He is, without any legal authority to act. There is no statutory authorization for a commissioner to contract with another to perform his duties.
Moreover, Sumners' term of office expired 18 months before the hearing and he has not been reappointed by the Governor. While, as stated, commissioners may hold over for a reasonable length of time, we hold that such "reasonable time" cannot extend for this lengthy period. Therefore, no official member of the Commission (there being but one) attended a single meeting within the year preceding trial; there was no quorum to transact business, and all acts of the purported Commission must be deemed to constitute the "fraud" prohibited by law.
There were many instances wherein the Commission failed to follow the statutory procedures. We need not decide whether there was "substantial compliance" with statutory requirements, because we have already determined there was legal fraud present in this case. However, we restate what this Court stated in Inter-Ocean, 32 Ala. App., at p. 227, 23 So.2d, at 875:
 "These statutory provisions exclude any idea of any authority for drawing a venire from a box that was not filled according to law. They also exclude any idea of any authority in the jury commission to intentionally omit the names of citizens who possess the qualifications required by law of jurors from the jury roll or to leave those names out of the jury box. These legislative safeguards were established to protect litigants and to ensure a fair trial by an impartial jury. *Page 1275 
Substantial compliance with these requirements is necessary in order to safeguard the administration of justice."
If these statutory safeguards are to have any meaning, substantial compliance therewith is required. Gregg, supra; andInter-Ocean, supra.
The judgment of the Court of Criminal Appeals is reversed and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
[1] § 20-2-27, Code 1975.
[2] § 12-16-80, Code 1975.
[3] § 12-16-79, Code 1975.
[4] § 12-16-33, Code 1975.
[5] § 12-16-32, Code 1975.