Arthur Jones, petitioner, was indicted for the capital offenses of murder during a robbery in the first degree, Code 1975, § 13A-5-40 (a)(2), and murder committed while the defendant was under a sentence of life imprisonment, Code 1975, § 13A-5-40 (a)(6). A jury found petitioner "guilty of the capital offense as charged in the indictment," and later recommended that his punishment be fixed at death. The trial judge accepted the jury's recommendation and sentenced petitioner to death by electrocution. We granted a writ of certiorari, which petitioner is entitled to as a matter of right, in order to review the decision of the Court of Criminal Appeals affirming petitioner's conviction and sentence of death.
The Court of Criminal Appeals directed the trial court to make written findings of fact summarizing the crime and petitioner's participation in it, in accordance with Code 1975, § 13A-5-47 (d). In its opinion, 450 So.2d 165, the Court of Criminal Appeals incorporated and expanded upon those written findings. Therefore, the facts need not be restated here.
Petitioner raises several issues in his brief. We first consider his argument that the State failed to produce sufficient evidence to sustain the jury's verdict of guilt.
We have reviewed the evidence in this case, and find that there was sufficient evidence presented from which the jury could exclude every reasonable hypothesis except that of guilt. (Petitioner claimed that he was not riding in the victim's cab at the time of the crime and that someone could have entered the cab after he exited.) Dolvin v. State, 391 So.2d 133, 137
(Ala. 1979); Cumbo v. State, 368 So.2d 871, 874 (Ala.Cr.App. 1978).
Petitioner also contends that the trial court committed reversible error in refusing his requested charges on identification. We disagree. Having reviewed the trial court's oral charge to the jury, we think that the instructions given on the credibility of witnesses, alibi, reasonable doubt and burden of proof adequately informed the jurors concerning their responsibility in evaluating the evidence presented on the issue of identity. Moreover, we agree with the Court of Criminal Appeals that where a witness is positive in identifying the defendant, as witness Banks was in this case, there is no good reason for giving a charge on the human error or mistake that may occur in the identification process. Rowserv. State, 346 So.2d 533, 535-536 (Ala.Cr.App.), cert. denied,Ex Parte Rowser, 346 So.2d 536 (Ala. 1977).
Petitioner additionally argues that the pretrial lineup in which he was identified by witness Banks was impermissibly suggestive, rendering Banks's testimony inadmissible. He rightly points out that reliability is "the linchpin in determining the admissibility of identification testimony."Flowers v. State, 402 So.2d 1088, 1092 (Ala.Cr.App.), *Page 173 
cert. denied, Ex parte Flowers, 402 So.2d 1094 (Ala. 1981). Therefore, he urges that Banks's testimony is inadmissible because it is unreliable under the criteria for reliability outlined by the Court of Criminal Appeals inFlowers v. State, supra. We disagree.
In Flowers, the Court of Criminal Appeals simply reiterated five aspects of all the circumstances surrounding a pretrial identification that the United States Supreme Court has said must be taken into account in deciding the issue of reliability. Id. at 1092. We will address briefly the evidence presented as to these aspects.
Witness Banks testified that he was able to view petitioner for approximately five minutes in good light at the time of the crime. Petitioner had obtained Banks's attention by asking him whether he was the cab driver. Based on his observation of petitioner, Banks was able to assist a police artist in making a composite drawing; moreover, having been shown several groups of photographs without a photograph of petitioner, Banks never indicated that any photograph was a likeness of the man who had approached him at the time of the crime. Lastly, testimony as to Banks's identification of petitioner at the lineup, which was held within a reasonable time after the commission of the crime, indicated a high degree of certainty by Banks. We think the evidence clearly supports the conclusion of the Court of Criminal Appeals that the lineup was not unduly suggestive.[1]
After reviewing the record for any error in the conviction or in the sentence proceedings conducted by the trial judge in this case, we find no error adversely affecting petitioner's substantive rights. Additionally, we think the trial judge's written findings concerning the aggravating and mitigating circumstances were supported by the evidence presented.
We independently weighed the aggravating and mitigating circumstances, and we conclude that the trial court's sentence of death was supported by the facts. Additionally, we find that the sentence was not imposed under the influence of passion or prejudice, and was not excessive or disproportionate to the penalty imposed in other robbery-murder cases.
For the foregoing reasons, we affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
[1] Like the Court of Criminal Appeals, we find no evidence of police misconduct in the lineup that included petitioner.