# Allen *v.* The State.

*Indictment for Larceny.*

| 134 | 159 |
| 144 | 60 |
| 144 | 67 |
| 144 | 113 |

1. *Organization of jury; defendant not entitled to have jury completed to twelve men before passing upon them.*—After the State has peremptorily challenged several jurors in the organization of a petit jury, it is not error for the court to require the defendant to pass upon the remaining jurors, before summoning others to suppy the place of those who had been challenged.

2. *Same; effect of defendant waiving objection to jury.*—Wh re, in the organization of a petit jury for the trial of a criminal case, and after the defendant has challenged some of the jurors, one of the remaining jurors states to the court what would constitute a legal excuse for his not serving upon the jury, and thereupon the court tells such juror to stand aside and the defendant objects, if the court upon such objection by the defendant lets such juror remain upon the jury, the defendant can not subsequently challenge said juror upon the ground which he stated as an excuse, and it is not error for the court to refuse to allow the defendant to challenge said juror for cause; the defendant by his objection to the excusing of the juror by the court having waived objection to him for such cause.

3. *Evidence; when error in introducing irrelevant evidence made harmless by subsequent evidence.*—Where, at the time of the introduction of evidence it is *prima facie* irrelevant, the error of the court in refusing to exclude such evidence is harmless and will not work a reversal, if the relevancy thereof is made to appear from its connection with the evidence subsequently introduced.

4. *Same; where portions of conversation is introduced in evidence, all of such conversation can be brought out by the other side.* Where, in the trial of a criminal case, the defendant asks a witness about a conversation which was alleged to have taken place between the witness and another in reference

[Allen v. The State.]

to the defendant, it is not error for the court to permit the State, to bring out the balance of the conversation upon the examination of said witness in rebuttal.

5. *Larceny; admissibility of evidence.*—On a trial under an indictment for larceny, where there is evidence tending to show that the defendant sold the property alleged to have been stolen for money and a flask of whiskey, it is not competent for the defendant to prove by another witness that he and such witness, about the time of the alleged larceny, were in the habit of purchasing whiskey from a certain bar room, and that they often went to said bar room for the purpose of purchasing whiskey.

6. *Same; charge of court as to ownership.*—On a trial under an indictment for larceny from a warehouse of a railroad company, where it is shown that the goods stolen were consigned to a mercantile firm and were in said company's warehouse awaiting delivery to said firm, a charge is erroneous and properly refused which instructs the jury that "If the jury believe that the tobacco described in the indictment belonged to Schloss & Kahn, and not the Western Railway of Alabama, then they must find the defendant not guilty;" the ownership of the property stolen being properly laid in the indictment in the railway company.

7. *Same; charge to the jury.*—On a trial under an indictment for larceny, a charge is erroneous and properly refused which instructs the jury that "if the jury would not be willing to act upon the evidence in this case, if it was in relation to matters of the most solemn importance to your own interest, you must find the defendant not guilty."

APPEAL from the City Court of Montgomery.

Tried before the Hon. WILLIAM H. THOMAS.

The indictment under which the appellant in this case was tried and convicted was in the following words: "The grand jury of said county charge that before the finding of this indictment Richard Allen feloniously took and carried away from a warehouse three caddies of tobacco of the value of ten dollars, the personal property of the Western Railway of Alabama, a corporation under the laws of the State of Alabama, against the peace and dignity of the State of Alabama."

On the trial of the case it was shown by the evidence for the State that upon the day the defendant was arrested upon the charge of larceny, three boxes or cad-

dies of tobacco were taken from the warehouse of the Western Railway of Alabama; that this tobacco was shipped to Schloss & Kahn, and was in said warehouse for delivery to them.

William Easterly, one of the witnesses for the State, testified that on the morning of that day, he saw the defedant and one Asberry Roberson in the warehouse together; that after remaining therein for about a half hour, the defendant came out with three boxes of tobacco under his arm, and went in an easterly direction; that he saw him when he returned, and that he did not bring the boxes back with him. The solicitor for the State then asked the witness the following question: "When the defendant came back did you see him with any whiskey?" The defendant objected to this question upon the ground that it called for irrelevant, immaterial and incompetent evidence. The court overruled the objection, and the defendant duly excepted. The witness answered that he did, and that said whiskey was in a flask.

The State then introduced one Trentham, who testified that on the morning of the day the defendant was arrested for stealing the tobacco, the witness bought three caddies of tobacco from a negro and paid him therefor four dollars and gave him a flask of whiskey. The facts pertaining to the other rulings of the court upon the evidence, to which the defendant excepted, are sufficiently shown in the opinion. There was other evidence introduced tending to show that the defendant was guilty as charged.

The defendant as a witness in his own behalf testified that he did not take the tobacco, and that he knew nothing about it.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them: (1.) "If the jury believe that the tobacco described in the indictment belonged to Schloss & Kahn, and not to the Western Railway of Alabama, then they must find the defendant not guilty." (2.) "If the jury would not be willing to act upon the evidence in this case, if it was in relation to matters of the most solemn importance to your own

11c

[Allen v. The State.]

interest, you must find the defendant not guilty." (3.) "If the ury believe the evidence, they must find the defendant not guilty."

HILL & HILL, for appellants.—The court erred in not permitting the defendant to challenge the juror for cause. The Western Railway of Alabama was the alleged owner of the stolen goods. It was, therefore, under the law, an interested party, and the juror being an employe of this corporation, was at common law, disqualified, and our Supreme Court has repeatedly held the grounds of challenge for cause as stated in the Code, are not exclusive.—*Smith v. State*, 55 Ala. 1; *Carr v. State*, 104 Ala. 43.

The second charge requested by the defendant should have been given, it being a verbal copy of a charge requested in the case of *Pickens v. State*, which the court held to be good.—*Pickens v. State*, 115 Ala. 49; *Cen. of Ga. R. R. v. Mitchell*, 63 Ga. Rep. 179; *L. & N. R. R. Co. v. Mask*, 64 Miss. 744; *Brazelton v. State*, 66 Ala. 98.

CHAS. G. BROWN, Attorney-General, for the State.— The court committed no error in requiring defendant to pass upon jurors in box after being reduced by challenges on part of State.—*Wilson v. State*, 31 Ala. 371; *Sellers v. State*, 52 Ala. 368.

The court did not act improperly in the first instance, *ex mero motu*, to ask the juror to stand aside.—*State v. Marshall*, 8 Ala. 302; *Waller v. State*, 40 Ala. 325; *Smith v. State*, 55 Ala. 1-9; *Curtis v. State*, 118 Ala. 133, and authorities cited.

The relevancy and materiality of the question and answer of witness as to flask of whiskey is shown by the subsequent testimony in the case, as bearing upon the identity o f the person as the one who sold the tobacco to Jones and received pay in money, and to whom Jones gave the flask of whiskey.The relevancy and competency of evidence shown by subsequent testimony cure any error in admitting same in first instance.—*Lawson v. State*, 29 Ala. 66.

The railroad company was in actual possession of the tobacco as a bailee with special property in it, and the property had never been in the possession of Schloss & Kahn. The ownership of freight is properly laid in the party in possession either as conditional owner or as bailee.—*Fowler v. State*, 100 Ala. 96.

Charge 2 has been condemned by this court in *Rogers v. State*, 117 Ala. 9; *Amos v. State*, 123 Ala. 50.

HARALSON, J.—1. The State challenged one of the twelve men on the jury, leaving eleven. The court then instructed defendant to pass on the eleven remaining, as to whether he was satisfied with them or not. The defendant objected to this, and moved the court to have the jury filled to twelve men before he was required to pass on any of them. The court overruled the motion, and in this there was no error.—*Wilson v. State*, 31 Ala. 371; *Barker v. Bell*, 49 Ala. 284; *Schieffelin v. Schieffelin*, 127 Ala. 14.

2. After the defendant had challenged two of the jurors, leaving ten on the panel, one of the ten made known to the court that he was employed by the Western Railway of Alabama, the alleged owner of the property charged to have been stolen by defendant. The court, thereupon, told the juror to stand aside. The defendant objected, and excepted to the ruling. The court then replied: "If you object, I will let him remain on the jury," and told the juror to take his seat, which he did, the State having previously announced its satifaction with the juror. The defendant then offered to challenge the juror, because he was employed by the Western Railway of Alabama, and the court refused to allow him to challenge him for this cause. The defendant by his objection to the excusing of the juror waived objection to him for this cause, and could not, afterwards, complain for not being allowed to challenge him for the same cause. His objection to the juror being excused by the court, was the expression of a willingness and desire for him to remain on the jury, and he could not, afterwards put the court in error for having done what he requested; no new cause, or other reason for challenge, having been brought to light.

[Allen v. The State.]

3. The witness, Easterly, for the State, testified that he saw Asberry Roberson and defendant, on the day the tobacco is said to have been stolen, and in about a half an hour, the defendant came out with three boxes of tobacco under his arm, and went in an easterly direction. He was then asked by the solicitor: "When the defendant came back, did you see him with any whiskey?" The defendant objected for illegality and immateriality. If the evidence sought was *prima facie* irrelevant, at the time the question caled for it, this was not reversible error, if its relevancy was made to appear from its connection with evidence subsequently introduced, which was done.—*Lawson v. State,* 20 Ala. 66; *Scott v. State,* 30 Ala. 503.

4. The witness for the State, Seals, testified to a fact tending to show defendant's guilt. The defendant, on the cross, asked him: "Is it not a fact, that Asberry Roberson, who was your foreman at the time, told you, that if you would swear that the defendant took the tobacco, that you could have a job under Mr. Jones?" The witness replied, that he did not, but that Roberson told him, that he was going to quit working for Mr. Jones. The solicitor then asked: "What did Asberry Roberson say in that same conversation was the reason he was going to quit?" Objection was interposed by defendant, for illegality and immateriality. The court overruled it, upon the ground that the question called for the balance of a conversation, a part of which had been brought out by the defendant. In this there was no error. The State had a right to all that was said at the time by Roberson, a part of it having been brought out and appropriated by defendant.—*McLean v. State,* 16 Ala. 672, 677.

5. The defendant asked the witness, Roberson, if it was not a fact that he and defendant went to Kelly's bar that day after the whiskey and brought a bottle of it there, and the witness answered, that they did not. Defendant then asked him: "Is it not a fact that you and defendant, about the time you were working for Mr. Jones in November, 1901, often went to Kelly's bar after whiskey?" The purpose of the question, as stated

by counsel was, "to show that the whiskey that defendant had on that day was bought at Kelly's bar in the presence of Asberry Roberson, and that it was the habit and custom; of defendant and Roberson to do." This evidence, if allowed, did not tend to show that this whiskey was bought from Kelly.

6.  Charge 1 requested by defendant was properly refused.  The Railway Company, as the proof showed, was in actual possession of the property as bailee, at the time of the larceny, and Schloss & Kahn, its consignees, were not, and had never been in possession of it. Ownership was properly laid in the company.—*Jones v. State*, 13 Ala. 153; *Fowler v. State*, 100 Ala. 96.

Charge 2 was likewise properly refused.—*Amos v. State*, 123 Ala. 51.

Affirmed.