# Evans *v.* The State.

### Larceny.

(Decided August 1, 1916.  Rehearing denied September 7, 1916.
73 South. 562.)

1. **Witnesses; Examination.**—The action of the court in allowing a solicitor on cross examination of a defendant's witness to ask "You are sure you are not lying to the jury about this matter, are you?" and the witnss's answer, "No, sir," was not such an abuse of discretion as to warrant a reversal, where it did not appear upon the record otherwise, that such question injuriously affected substantial rights of defendant.

2. **Same.**—A question to a witness as to whether defendant told him at a certain time that certain other parties were there, was not error, where the question calls for part of the convrsation which had been previously testified to without objection on the part of defendant.

3. **Trial; Exclusion of Evidence.**—Where the witness answered a question in the negative, and the court said: "I will let that go out," error is not shown in not properly or effectively excluding it from the jury.

4. **Same.**—If defendant's counsel conceived that the language of the court in excluding a negative answer of the witness was not sufficient to remove its impression on the jury, the duty rested on counsel to bring it to the court's attention, and ask for a further and more definite instruction.

APPEAL from Montgomery City Court.

Heard before Hon. C. P. McINTYRE.

(This cause was reviewed by the Supreme Court on certiorari, and the writ denied.  See *Evans v. The State,* 198 Ala. 704, 73 South. 999.)

Taylor Evans was convicted of the larceny of two yearlings, and he appeals.  Affirmed.

THOMAS & WILEY, and WILLIAM R. BRASSELL, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

PELHAM, P. J.—This appeal by the defendant is from a judgment of conviction for the larceny of two yearlings.

(1) The solicitor was permitted, over the objection of the defendant that the question was improper, to propound the following question on cross-examination to one of the defendant's witnesses: "You are sure you are not lying to the jury about this matter, are you?" to which question the witness made answer, "No sir." The question was propounded on cross-examination, and the discretion of the court in allowing it should not be reviewed as a proposition involving a reversal, unless it was clearly prejudicial to the defendant's cause. The question allowed in this case is different from the question condemned in the case of *Wright v. State,* 149 Ala. 28, 43 South. 575, cited by defendant's counsel in brief, in that the question under consideration in that case was a positive declaration by counsel conducting the cross-examination that the witness did not tell the truth. In the instant case, the question of the solicitor on cross-examination, to which objection was interposed, did not assume as a matter of fact that the witness had testified untruthfully; but, in language not framed in as choice words, perhaps, as should have been chosen, a question was propounded to the witness, asking him, in effect, if he was sure he had truthfully narrated the circumstances about which he had testified. In *Wright's Case, supra,* the court, reviewing the action of the trial court, affirmed the lower court's ruling in refusing to permit the so-called question to be answered. It does not necessarily follow, under the well-known rule applicable to consideration on review of rulings involving the discretion of the action of the trial court, that the cause would have been reversed by the reviewing tribunal, had a contrary ruling of the trial court been under consideration. We do not think, in permitting the question to be asked on cross-examination that we have set out above, the trial court is shown to have abused the discretion reposed in it in such matters to the extent of having committed error prejudicial to the defendant's interests requiring a reversal of the case. Although the question may have had some tendency to discredit the testimony of this witness, it was within the court's discretion to permit it, and two or three other witnesses are shown by the evidence set out in the bill of exceptions to have testified substantially to the same facts as this witness, and it does not appear from an examination of the entire record that

[State v. Roden.]

the court's permitting the question complained of to be asked and answered could probably have injuriously affected the substantial rights of the defendant. The trial court's range of discretion in allowing too great a latitude on cross-examination must be shown to be clearly prejudicial to justify a reversal on that ground.—*Lowman v. State,* 161 Ala. 47, 50 South. 43.

(2) The court's rulings pertaining to excluding the answer of the witness Hassey to the question, "Did he [defendant] tell you at that time and during the conversation that Charlie May was there and that Syd Long was there?" were without error. The question called for a part of a conversation that had previously been testified to without objection on the part of the defendant, and it was entirely proper and permissible to bring out the entire conversation.

(3) There is nothing in the contention that, the witness' answer being in the negative, the court committed reversible error in refusing to properly and effectively exclude it from the consideration of the jury. The court did exclude the answer by saying: "I will let that [the negative answer] go out."

(4) If the language of the court in excluding the answer was not, in the opinion of defendant's counsel, sufficient to eradicate the impression it had made on the minds of the jury, he should have brought this to the attention of the court and asked for further instruction from the court to the jury. The authorities cited by defendant's counsel in this connection as to the holding. of the Supreme Court having reference to arguments by counsel to the jury at nisi prius are not in point.

We find no reversible error in the record, and the judgment of conviction is affirmed.

Affirmed.