### WARD v. STATE.  (8 Div. 89.)

(Court of Appeals of Alabama. July 10, 1923. Rehearing Denied Oct. 16, 1923.)

**1. Larceny ⟐⟐30(3)—Unnecessary to describe watch stolen.**

An indictment describing property taken as "one watch, of the value of $45," was sufficient, as it was unnecessary to describe it as a gold watch, a silver watch, or a brass watch, in view of Code 1907, § 7134.

**2. Larceny ⟐⟐43—Evidence as to presence of whisky at dance held immaterial and incompetent.**

In a prosecution for grand larceny, consisting of the taking of a gold watch from pocket of defendant's partner at a dance, court did not err in refusing to permit witness to be asked whether "there was a lot of whisky around there."

**3. Criminal law ⟐⟐338(1)—Immaterial evidence not admissible.**

Facts and circumstances which are incapable of affording any reasonable presumption or inference in regard to the material facts or inquiry involved are not admissible as evidence.

**4. Criminal law ⟐⟐785(16)—Instruction as to disregarding testimony in case of false testimony properly refused.**

Court did not err in refusing to instruct "if you believe any witness has sworn falsely to any material fact in this case, you may disregard his or [her] testimony if you see fit to do so," as it is only when a witness has sworn "willfully" falsely to a material fact that the jury may reject his testimony.

**5. Criminal law ⟐⟐753(2)—Affirmative charge refused, where conflict in evidence.**

Affirmative charge for defendant was properly refused, where there was a conflict in the evidence, and ample evidence to sustain the judgment.

**6. Larceny ⟐⟐79—Refusal to instruct on petit larceny held proper.**

In prosecution for grand larceny, where the only evidence was that the watch taken was worth $45, court did not err in failing to charge on petit larceny.

**7. Criminal law ⟐⟐1208(9)—Sentence of 18 months instead of indeterminate sentence held erroneous.**

In view of Acts 1919, p. 148, court erred in sentencing one convicted of grand larceny to 18 months' imprisonment in the penitentiary. as an indeterminate sentence of not less than 1 year nor more than 10 years should have been imposed under Code 1907, § 7324.

Appeal from Circuit Court, Lawrence County; Oseola Kyle, Judge.

Irene Ward was convicted of grand larceny, and appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Ward, 210 Ala. 366, 98 South. 210.

Charge 1, refused to defendant, is as follows:

"1. If you believe that any witness has sworn falsely to any material fact in this case, you may disregard his or [her] whole testimony if you see fit to do so."

Wert & Hutson, of Decatur, for appellant.

The indictment is deficient in describing the property stolen as a watch of the value of $45. Stollenwerk v. State, 55 Ala. 142. Charge 1 was a correct statement of the law, and should have been given. Lowe v. State, 88 Ala. 8, 7 South. 97; Prater v. State, 107 Ala. 26, 18 South. 240; A. G. S. v. Frazier, 93 Ala. 45, 9 South. 303, 30 Am. St. Rep. 28; Childs v. State, 76 Ala. 93; Jorden v. State, 81 Ala. 20, 1 South. 577.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Charge 1, requested for defendant, is faulty in the omission of the word "willfully." Robinson v. State, 18 Ala. App. 612, 93 South. 262. The indictment sufficiently described the property. Code 1907, § 7134.

FOSTER, J. The defendant was convicted of grand larceny.

The evidence of the state was directed to showing that the defendant and others attended a supper and dance near Hillsboro in Lawrence county on Thanksgiving night in 1921, that defendant while dancing with Dade Swope took from his vest pocket a gold watch of the value of $45, the personal property of said Dade Swope.

The defendant denied taking the watch, and there was evidence that she was shot there that night, and that certain witnesses who saw her immediately after the shooting found no watch on her. There was evidence that there was a good deal of drinking in the crowd, and that some were drunk.

[1] The demurrer to the indictment, on the ground that the property alleged to have been stolen was not sufficiently described. was properly overruled. The property is described as "one watch of the value of $45." It was not necessary to describe the watch as a gold watch, a silver watch, or a brass watch. .

The requirements laid down in section 7134, Code 1907, are that "the indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment," etc.

In Churchwell v. State, 117 Ala. 124, 23 South. 72, it was held that an indictment charging defendant with the larceny of "one trunk of the value of $2" sufficiently described the property stolen. An indictment charging the theft of "two bales of cotton" sufficiently describes the property stolen. Peters v. State, 100 Ala. 10, 14 South. 896.

In Johnson et al. v. State, 42 Tex. Cr. R. 103, 58 S. W. 69, the court held that the alleged stolen property was sufficiently described as "one watch, of the value of $55." And the case of Grissom v. State, 40 Tex. Cr. R. 146, 49 S. W. 93, is to the same effect. Williams v. State, 25 Ind. 150; 2 Bishop Cr. Pro. (3d Ed.) § 700.

[2, 3] Counsel for appellant insist that the court erred in refusing to permit a witness for the defendant to be asked, "There was a lot of whisky around there?" at the negro supper and dance where the watch was alleged to have been stolen. This was not material to the guilt vel non of the defendant of the larceny of the watch, and the court did not err in sustaining objection to the question.

"Facts and circumstances which are incapable of affording any reasonable presumption or inference in regard to the material fact or inquiry involved, are not admissible as evidence." 4 Michie's Ala. Dig. § 196, p. 122.

[4] Charge 1 was properly refused, as it is only when a witness has sworn "willfully" falsely to a material fact that the jury may reject his testimony, and not in every case where he has sworn falsely. Robinson v. State, 18 Ala. App. 612, 93 South. 262; Montgomery v. State, 17 Ala. App. 469, 86 South. 132; Prater v. State, 107 Ala. 26, 18 South. 238; McClellan v. State, 117 Ala. 140, 23 South. 653.

[5] The affirmative charge for defendant was properly refused; there was a conflict in the evidence, and there was ample evidence to sustain the judgment of conviction.

[6] Counsel for defendant reserved exception to the court's failure to charge on petit larceny. The only evidence of value was that the watch was worth $45. Where there is no evidence tending to prove the commission of the lower offense a failure to instruct on the lower degree is not error. Whitehead v. State, 206 Ala. 288, 90 South. 351.

The motion for a new trial was properly overruled.

The court sentenced the defendant to the penitentiary for a term of 18 months.

[7] An act of the Legislature (Acts 1919, p. 148) requires that—

"In all cases in which the punishment fixed by the statute is imprisonment in the penitentiary, and in which a maximum and a minimum term is prescribed, the court shall pronounce upon the defendant an indeterminate sentence of imprisonment in the penitentiary for a term not less than the minimum and not greater than the maximum fixed by the statute for such offense, stating in such sentence the minimum and maximum limits thereof."

An indeterminate sentence within the limits prescribed by the statute (not less than 1 year nor more than 10 years [section 7324, Code 1907]) should have been imposed upon the defendant.

The judgment of conviction is affirmed, and the cause remanded for proper sentence.