(132 So. 323)

## HILL v. STATE.
### 6 Div. 841.

Court of Appeals of Alabama.
Jan. 27, 1931.

J. B. Powell, of Jasper, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

There is no semblance of error in any of the several rulings of the court upon the admission of evidence to which exceptions were reserved. This is so clearly apparent no discussion of the insistences in this connection is necessary. The record proper is also free from error.

The accusation against appellant was a violation of the prohibition law by having whisky in his possession. The prosecution originated in the county court, and, from a judgment of conviction in that court, an appeal was taken to the circuit court where the case was tried by a jury. A question of fact only was involved upon the trial. The evidence for the state tended to show the guilt of the defendant as charged. That for the defendant tended to the contrary. A careful reading of the evidence and an attentive consideration thereof convinces this court that the evidence was ample upon which to predicate the verdict of guilty as rendered by the jury.

Appellant insists that error prevailed in the refusal of several special charges requested by him in writing.

The first of these charges is an unnumbered charge appearing on page 7 of the transcript. This charge was properly refused as being argumentative. Such propositions of law as may appear therein were fairly and substantially covered by the oral charge of

the court. In this connection we note that the oral charge of the court covered ably and fully every phase of the law pertinent to the issues involved upon this trial, and was very fair to the defendant.

Under the evidence in this case, the affirmative charge (No. 1) was not in point. The evidence presented a jury question.

Charge 2 was properly refused. There was evidence tending to show that the accused did have prohibited liquors in his possession. The charge is not sustained by the record.

Appellant in brief cites no authorities. He insists that refused charge 4 was a correct statement of the law, and should have been given. We do not accord to this insistence, for the tendency of the charge was to lead the jury to a capricious disregard of all of witness Jackson's testimony, if they found he had testified falsely as to any material fact, and this though the witness may not have willfully testified falsely as to any material fact. In other words, it is only where a witness has sworn willfully falsely to a material fact that the jury may discard or reject his entire testimony. Prater v. State, 107 Ala. 26, (headnote 10), 18 So. 238; Robinson v. State, 18 Ala. App. 612, 93 So. 262; Montgomery v. State, 17 Ala. App. 469, 86 So. 132; Ward v. State, 19 Ala. App. 398, 98 So. 208. Moreover, in the oral charge of the court, the question of law attempted in this charge was explicitly and fully stated to the jury, and thus the accused received the benefit of the correct principle of law under consideration.

Refused charges 5 and 9 were argumentative, which justified their refusal. The principles of law attempted were fairly and substantially covered by the oral charge. The same is true as to refused charge 8. This charge was properly refused under the authority of Cooke v. State, 18 Ala. App. 416, 93 So. 86, and cases cited.

Affirmed.