158 So. 765

**PRESLEY v. STATE.**
**6 Div. 669.**

Court of Appeals of Alabama.
Jan. 15, 1935.

Perry & Powell, of Birmingham, for appellant.

among other things testified he saw the defendant (appellant) in jail in Birmingham at a certain designated time on the day after the property was alleged to have been stolen, and, over the objection and exception of defendant, this witness was allowed to testify as to a conversation he had with defendant on that occasion; said conversation is set out at some length in the record. On cross-examination the defendant propounded several questions to this witness relating to the same conversation, but upon objection by the solicitor the court declined to permit the witness to answer these questions, and in so ruling fell into error. It is an elementary rule of evidence, where a part of a conversation is proven by one party, the other may prove the whole of such conversation. Drake v. State, 110 Ala. 9, 20 So. 450; Gibson v. State, 91 Ala. 64, 9 So. 171; Dodson v. State, 86 Ala. 60, 5 So. 485; Perdue v. State, 17 Ala. App. 500, 86 So. 158; Allen v. State, 134 Ala. 159, 32 So. 318; Vinson v. State, 10 Ala. App. 61, 64 So. 639; Evans v. State, 15 Ala. App. 383, 73 So. 562; Id., 198 Ala. 689, 73 So. 999.

■ It was also error to permit state witness Homes to testify as to a conversation he had with state witness Merrill at the junk yard, relative to the alleged stolen property, in the absence of the defendant. Particularly is this true in this case, for the question of the identity of the wheel was one of the material inquiries upon the trial, and the accused should not be burdened by the statements made to Homes by Merrill not in his presence or hearing.

■■ Appellant here, and for the first time, so far as we are able to ascertain from the record, complains of the failure of the trial judge to instruct the jury on the question of the constituent elements of petit larceny, and insists that, in failing to so charge, the jury were denied the right to find the defendant guilty of petit larceny, or a lesser offense, which they might have done otherwise. It is true, by operation of law every lesser offense of the crime charged is included in an indictment which charges the greater offense of felony. But this rule cannot be applied in this case, (1) for the reason no exception was reserved to the oral charge of the court, nor were any special charges requested on the point in question. The rule can only be applied in a case of this character, that is to say, on a prosecution for grand larceny, where the value of the property stolen is in issue. In that event, the court should define the distinction between grand and petit lar-

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction for grand larceny this appeal was taken. Appellant was convicted for the offense of "feloniously taking and carrying away one drive wheel for a thrasher, of the value of fifty dollars, the personal property of T. G. Merrill."

■ Merrill, the alleged injured party, was the first witness examined by the state, and

ceny. The only evidence adduced upon this trial as to the value of the stolen property was that its value was $50, and as to this there was no dispute or conflict. There being no evidence in this case to the effect or tending to show that the alleged stolen property was of less value than $50, the court was under no duty to instruct the jury as to petit larceny as insisted. In the case of Ward v. State, 19 Ala. App. 398, 98 So. 208, 209, this court said: "Counsel for defendant reserved exception to the court's failure to charge on petit larceny. The only evidence of value was that the watch was worth $45. Where there is no evidence tending to prove the commission of the lower offense a failure to instruct on the lower degree is not error." Ex parte Ward, 210 Ala. 366, 98 So. 210.

We find but slight, if any, merit in the numerous other insistences of error in behalf of appellant. Certainly none necessitating extended argument; hence we refrain from so doing.

The judgment entry, as shown by this record, is regular in all things, and on this judgment, as it appears, this court must act. It is not the province of the bill of exceptions to alter or change the judgment of the court as shown by the record, and insistences in the bill of exceptions cannot be taken to impeach the judgment of the court as shown by the record.

For the errors designated, the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.