159 So. 370

## COOPER v. STATE.

### 8 Div. 993.

Court of Appeals of Alabama.

Feb. 12, 1935.

Proctor & Snodgrass, of Scottsboro, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Upon an indictment charging him with the offense of murder in the second degree, this appellant was put to trial and was convicted of the offense of manslaughter in the first degree; his punishment was fixed at five years' imprisonment in the penitentiary.

There is but slight conflict in the evidence. Appellant voluntarily stated that he killed Ellis Colvin by shooting him with a gun. In each instance, however, when making such statements he insisted that he shot him in defense of his own life, and that Col-

vin, at the time the fatal shot was fired, was reaching for his gun with the declared intention of killing him. Other than the accused, there was but one eyewitness to the killing, and this witness, Bud Cooper, is the son of defendant. His testimony was in accord with that of his father.

The first witness for the state, as to the facts, was Earnest Smith. He testified he was in close proximity when the killing occurred, but did not see the shooting. He described having discovered the body of deceased in a boat floating on the river. The witness was in a boat also. He stated, among other things: "I took the boat and tied it to the bank. I saw the defendant, Jim Cooper. There was a shot gun there in the boat with the body of Colvin. Cooper also had a shot gun but I don't remember whether Cooper had his hands on it or not, it seems he did. I talked to Cooper and just asked him some questions. I asked him if the man was drunk. I did not know he was killed when I first went up. I heard the gun but I did not expect any body being killed. I went up and he was lying in the boat and I asked Cooper if he was drunk. I said, 'If he is drunk he ought to be taken out and put on the bank or he will get drowned' and Cooper said he was dead and I asked him who killed him and he said he killed him. I asked him what he killed him for and he said he had to kill him to save himself, that he (Colvin) came there to kill him and he had it to do. He told me he was coming to Scottsboro and give up and I told him he could go to Bridgeport and give up." The record shows, this witness had other and further conversation with the defendant at this same time relative to the killing and facts in connection therewith.

The foregoing testimony was given without objection.

■ The defendant, Cooper, testified as a witness in his own behalf, and pending the giving of his testimony, undertook to give his version of the conversation with state witness, Smith, as hereinabove shown. But upon objection by the solicitor the court declined to let him do so, and upon motion of the solicitor excluded from the consideration of the jury the portions of his testimony as to this same conversation given by him before objection was interposed. This ruling of the court was patent error. It is an elementary rule of evidence, where part of a conversation is proven by one party, the other may give his version thereof, and may also prove the whole of such conversation. Drake v. State,

110 Ala. 9, 20 So. 450; Gibson v. State, 91 Ala. 64, 9 So. 171; Dodson v. State, 86 Ala. 60, 5 So. 485; Perdue v. State, 17 Ala. App. 500, 86 So. 158; Allen v. State, 134 Ala. 159, 32 So. 318; Vinson v. State, 10 Ala. App. 61, 64 So. 639; Evans v. State, 15 Ala. App. 383, 73 So. 562; Id., 198 Ala. 689, 73 So. 999.

■ The name of the deceased as it appears in the indictment is Ellis Calvin. This is a material averment and element of the burden of proof resting upon the state as to the identity of the offense. It being a material averment and an essential ingredient of the offense, it was incumbent upon the state to adduce proof to sustain it, Shoults v. State, 19 Ala. App. 19, 94 So. 776, 777, and this was not done. Every witness who gave testimony as to the name of deceased said his name was Colvin. There is no evidence that his name was Calvin. The two names are not idem sonans; they do not sound alike, nor are they spelled alike. It follows that a variance between the allegation and proof is apparent. "When an injury to the person or property of another is the offence charged, a material averment of the indictment is the identity of such person. If the name of such person is stated, a variance between the allegation and proof as to such name is fatal." Morningstar v. State, 52 Ala. 405. The allegation and proof must correspond. Stone v. State, 115 Ala. 121, 22 So. 275. See, also, Parks v. State, 21 Ala. App. 177, 106 So. 218; and numerous cases therein cited.

Other insistences of error are presented, but we see no necessity of discussing them at length in this opinion.

The judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.