TYSON, Presiding Judge.
The indictment charged the appellant with the grand larceny of two ladies’ blouses of the value of $5.50 each, the aggregate value of $11.00, the personal property of J. C. Penney Company, a corporation. The jury found the appellant “guilty as charged,” and the trial court entered judgment, setting sentence at eighteen months imprisonment in the penitentiary.
The appellant’s motion for a new trial, challenging the weight and sufficiency of the evidence, was duly overruled following a hearing.
Chris Bodine testified that he was a security guard for the J. C. Penney Company at the Montgomery (Alabama) Mall store. Bpdine indicated that he was on duty on the evening of March 3,1976, and was standing in an observation window above the Junior Sportswear Department when he observed the appellant, Thomas Harvest, and a female companion, Gwendolyn Parks, walk over and look at some blouses. He stated that he was five or six feet above this department and could look directly down in this section of the store. Bodine indicated that the appellant and his companion left the store and came back later that evening, that they returned to the Junior Sportswear Department, which was located in the back corner of the store. Bodine stated that he saw the appellant reach on the rack and hand Gwendolyn Parks two blouses, the first one being orange in color, and the second one yellow. He stated that she rolled them up and put them inside her purse. From the record:
“A. He was looking in both directions.
“Q. Looking back and forth?
“A. Yes, sir.
“Q. What did she do?
“A. She took the blouses off the hanger from the rack after he handed them to her and she rolled them up and put them in her purse and immediately walked out the door this way.
“Q. Both of them together walked out?
“A. Yes, sir.
“Q. What did you do?
“A. I got down out of the observation window and stopped them in the Mall.
“Q. You arrested them and carried them back in the office?
“A. Right, sir.
“Q. And that is J. C. Penney Company, Incorporated?
“A. Right, sir.”
Bodine testified that he followed the appellant and Gwendolyn Parks as they left the store and arrested them. He testified that he retrieved both blouses from the purse of Gwendolyn Parks. Bodine further stated that he had gone through the procedure of checking in merchandise and examining store records, and that the value of each blouse was $5.50, or a total of $11.00 for the two. He indicated this occurred about 7:40 in the evening.
In the cross-examination of Bodine, we find the following:
“Q. Are you testifying from memory what happened or are you testifying from memory of what you read?
“A. Memory of what happened.
“Q. Mr. Bodine, these price tags that we have got on here, are these the purchase price or the sales price?
“A. This is the sales price.
“Q. And how do you distinguish whether this is J. C. Penney at the Mall or J. C. Penney Mobile?
*1371 “A. Well, first off no store uses the same kind of tag. No store uses the same kind of tag. This is our lot number here to our store. I can’t say exactly what distinguishes it except that no other company uses this type of tag. The date that it came in the store won’t be the same. This 25D is the week that they came into the store, and no other store uses the same date. You see this 25D here?
“Q. Yes. Now, where are those price tags prepared?
“A. Prepared?
“Q. Yes.
“A. These are made in the stock room upstairs.
“Q. Stock room upstairs?
“A. Yes.
“Q. You say you went back and checked those prices out?
“A. Yes, sir.
“Q. How many blouses came in in that lot, Mr. Bodine?
“A. I don’t recall. They are packed in dozens and I don’t recall how many came in.
“Q. And they were each $5.50?
“A. Right.”
At the close of his testimony appellant made a motion to exclude and asked for a directed verdict of acquittal. This was denied.
Gwendolyn Parks testified that she lived at 2422 Council Street in Montgomery, and that she had gone to the J. C. Penney store at the Montgomery Mall on 'March 3, 1976. She indicated that Thomas Harvest accompanied her. She stated that they had gone looking in three stores before going into J. C. Penney’s. She stated that Harvest was looking through a rack of pants while she was looking at blouses, and that she took the two blouses and put them in her purse. She stated that Harvest had his back to her when this occurred. She stated that she rolled up the blouses to put them in her purse. She further stated that as they were leaving the store the security guard stopped them and took them upstairs to the office of the store, and from there he took them to the city jail.
Thomas Harvest testified that he accompanied Gwendolyn Parks on March 3, 1976, to the J. C. Penney store at the Montgomery Mall. He stated that he had gone into several other stores, went into Penney’s store, then left and later returned. He stated that he was looking through some pants racks while Gwendolyn Parks looked through some women’s blouses. He stated that he did not see her put any blouses into her purse, and that he did not take any off the rack and hand them to her.
I
The appellant contends the State failed to prove a prima facie case.
When by prearrangement or on the spur of the moment, two or more persons enter upon a common enterprise or adventure and a criminal offense is contemplated, then each is a conspirator, and if the purpose is carried out, each is guilty of the offense committed, whether he did any overt act or not. This rests on the principle that one who is present, encouraging, aiding, abetting, or assisting, or who is ready to aid, abet, or assist the other in the perpetration or commission of the offense, is a guilty participant, and in the eye of the law is equally guilty with the one who does the act. Stokley v. State, 254 Ala. 534, 49 So.2d 284.
Larceny is the felonious taking and carrying away the personal property of another, with the fraudulent intent to convert it to the use of the taker, or to deprive the owner thereof. Higgs v. State, 113 Ala. 36, 21 So. 353.
Under the evidence presented the trial court correctly denied the appellant’s motion for a directed verdict, and his motion to exclude. Moulden v. State, 47 Ala.App. 573, 258 So.2d 915.
*1372 II
The appellant excepted to the trial court’s refusal to charge the jury on petty larceny.
The only evidence of value was Mr. Bodine’s testimony that the two blouses were worth $11.00. Where, as here, there is no evidence tending to prove the commission of the lower offense, a failure to instruct the jury on the lower degree of the offense is not error. Whitehead v. State, 206 Ala. 288, 90 So. 351; Ward v. State, 19 Ala.App. 398, 98 So. 208, cert. denied 210 Ala. 366, 98 So. 210.
Inasmuch as there was no evidence offered as to the value of the stolen property other than Mr. Bodine’s testimony, the trial court’s charge was clearly correct. Presley v. State, 26 Ala.App. 280, 158 So. 765.
We have carefully examined this record and find no error therein. The judgment is due to be and the same is hereby
AFFIRMED.
All the Judges concur.