The grand jury of Lee County returned an indictment against the appellant, Roger Begg Tudhope, charging him with grand larceny. Appellant entered a plea of not guilty. A jury found the appellant guilty of grand larceny. The trial court duly sentenced the appellant to five years imprisonment in the penitentiary and the appellant appeals to this Court.
The appellant was at all proceedings in the trial court represented by court appointed counsel, and is so represented in this Court. This appeal was submitted to this Court on briefs.
The appellant contends that the trial court erred to his prejudice on the following grounds: First, in overruling appellant's motion to dismiss his court appointed counsel; second, by overruling appellant's motion to exclude the state's evidence.
The record before us shows that the indictment against the appellant was returned on April 13, 1978. Counsel to represent, assist and defend the appellant was appointed on April 26, 1978. On April 28, 1978 the appellant, attended by his counsel, was duly arraigned and entered a plea of not guilty as charged. The trial court set the case to be tried on Friday, May 12, 1978. When the case was called for trial on May 12, 1978, the appellant made known to the court that he would like to say something to the court.
There was a conference in the courtroom out of the presence and hearing of the jury venire, with the appellant, his counsel, the trial judge, and other officials of the court present. The appellant stated to the trial judge that the counsel the court had appointed for him is not able to represent him and that appellant wanted him taken off the case because there was a conflict of interest, and appellant wanted another counsel appointed to represent him. That the conflict of interest was due to the fact that the counsel appointed by the court to represent the appellant has a law partner whose father is kin to the appellant by marriage, and appellant's wife had filed a divorce suit against him. This request was denied and the case continued for trial until 9:00 o'clock Monday, May 15, 1978 at which time the trial was held. *Page 710 
We find nothing in the record before us tending to indicate that the appellant made known to the trial court before his case was called for trial on May 12, 1978 that he wanted the court to discharge his court appointed counsel. Appellant's attitude toward the court was most contemptible during the conference. The court was patient, kind, but firm with the appellant during the lengthy colloquy between the court and the appellant. The appellant did not request the court to discharge his attorney and allow the appellant to conduct his defense. The record indicates that the court appointed counsel discharged his professional duties in defending the appellant in a commendable manner. We have examined the entire record in this case and find nothing in it that indicates the appellant was prejudiced by the court refusing to discharge his counsel, and appoint another. The appellant had ample time to discharge his counsel before his case was called for trial.
We hold that the question of removing a court appointed counsel and appointing another counsel for the appellant was a matter within the discretion of the trial court. That considering the conduct of the appellant, the defense of the appellant in the trial court as shown by the record, the trial court did not abuse its discretion in overruling appellant's request to discharge his court appointed counsel and appoint him another counsel. Hamilton v. State, 270 Ala. 184,116 So.2d 906; Hayes v. State, Ala.Cr.App., 340 So.2d 1142; Hillyer v.State, Ala.Cr.App., 351 So.2d 646; Matthews v. State, Ala.Cr.App., 361 So.2d 1195.
We now address appellant's second contention that the trial court erred in overruling his motion to exclude state's evidence. State's evidence tended to prove that the appellant was a guest in the home of the injured party; that on February 21, 1978, in the absence of and without the consent of his host, and after being told by his host not to take anything from his home, the appellant took and carried away a jacket belonging to his host of the value of fifty to seventy-five dollars, and about fifty or sixty dollars in coins of the U.S.A.; that on the 22nd day of February, 1978 appellant was arrested on another charge. When he was arrested, he was wearing the jacket belonging to his former host, he had in his possession $7.93 cents in one-cent pieces, six dollars and thirty cents in nickels, $18.10 in ten-cent pieces, and $12.50 in twenty-five-cent pieces, with a total of $44.83. The appellant made a written statement admitting the taking of the jacket and $60.00 which statement, after all proper predicates were laid, was introduced in evidence. In appellant's statement he also stated that he intended to have the coins counted and wrapped and return a like amount of money to his host and to have the jacket cleaned and returned to his host in return for kindness shown to him by his host. When the state rested its case, appellant moved to exclude state's evidence, and his motion was overruled by the court.
Larceny is the felonious taking and carrying away of the personal property of another, with the fraudulent intent to convert it to the use of the taker, or to deprive the owner of the property taken. Harvest v. State, Ala.Cr.App.,342 So.2d 1369; Higgs v. State, 113 Ala. 36, 21 So. 353.
We hold that the state's evidence was sufficient to sustain the jury verdict and that the trial court did not err in overruling appellant's motion to exclude state's evidence.
No other rulings of the trial court are argued in appellant's brief.
As provided by Alabama Code, 1975, Title 12-22-240, we have searched the record for any errors prejudicial to the appellant and have found none.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328, Act # 1051, 1973); his opinion is hereby adopted as that of the Court. *Page 711 
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.