DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BARBARA J. MYRICK,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-3148

[January 21, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin S. Fein, Judge; L.T. Case No. 21-003633CF10A.

J. David Bogenschutz and Kevin W. Gardiner of The Law Offices of Bogenschutz and Gardiner, PLLC, Fort Lauderdale, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Luke R. Napodano, Senior Assistant Attorney General, West Palm Beach, for appellee.

**ON MOTION TO CERTIFY QUESTION OF
GREAT PUBLIC IMPORTANCE**

GROSS, J.

We deny appellee's motion to certify a question of great public importance because the issue presented by this case is not of "great public importance" within the meaning of Article V, § 3(b)(4) of the Florida Constitution and Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v).

Article V limits the jurisdiction of the Florida Supreme Court by specifying the types of cases over which the Court has jurisdiction. As our supreme court has explained:

> [T]he district courts were established to preserve the Florida Supreme Court's function as a supervisory body in the judicial system for the State, exercising appellate power in certain specified areas essential to the settlement of issues of public importance and the preservation of uniformity of principle and

> practice. Likewise, when article V, section 3 was amended in 1980, the purpose behind these amendments was to ensure that this Court retained its supervisory role by limiting its jurisdiction and relieving its overburdened caseload.

*Jackson v. State*, 926 So. 2d 1262, 1266 (Fla. 2006) (cleaned up). "It was the intention of the framers of the constitutional amendment which created the District Courts that the decision of those courts would, in most cases, be final and absolute." *Johns v. Wainwright*, 253 So. 2d 873, 874 (Fla. 1971). "The District Courts of Appeal were never intended to be intermediate courts." *Id.*; *Ansin v. Thurston*, 101 So. 2d 808, 810 (Fla. 1958) (same); *Jackson*, 926 So. 2d at 1265–66 (same).

Consistent with this constitutional purpose, the phrase "great public importance" cannot be defined expansively. This is a case of statutory construction. The majority opinion applied the plain language of the applicable statutes, consistent with the statutory rule of lenity. The Florida Constitution does not provide that the Florida Supreme Court is to be the last word in every case involving statutory construction.

The appellee's remedy in this case is not to violate the constitutional separation of powers by having the Florida Supreme Court rewrite the applicable statutes:

> When there is doubt as to the legislative intent or where speculation is necessary, then the doubts should be resolved against the power of the courts to supply missing words. This principle is also known as *casus omissus pro omisso habendus est* or "nothing is to be added to what the text states or reasonably implies." *State v. C.M.*, 154 So. 3d 1177, 1180 (Fla. 4th DCA 2015) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 93 (2012)).

*Villanueva v. State*, 200 So. 3d 47, 52 (Fla. 2016) (cleaned up). The appellee may seek redress with the legislature to specify its intent.

As appellant points out, the availability of a practical remedy in this case undermines its claim that this case presents an issue of "great public importance":

> There is, however, a safe harbor for the "public" in assuring that criminal cases, not indictable by the [Statewide Grand Jury] because of the limited nature of its purpose and

authority, not be immune from prosecution, and it is that the Office of Statewide Prosecution can <u>still</u> prosecute those matters, under certain conditions, when they are referred by the [Statewide Grand Jury] to the county in which venue and jurisdiction do apply – even where indictment by the [Statewide Grand Jury] <u>itself</u> is not authorized. *McNamara v. State*, 357 So. 2d 410, 413–414 (Fla. 1978); *In Re 20th Statewide Grand Jury*, 343 So. 2d 584, 590 (Fla. 4th DCA 2022).

In that manner, the "public's skin" in the process is amply and completely protected, and any "importance," great or otherwise as to this matter, is recognized and similarly protected by the capable hands of the [Statewide Grand Jury], eliminating and dispelling <u>any</u> <u>fear</u> that prosecuting non-enumerated crimes discovered in their investigations will be overlooked.

CIKLIN, J., concurs.
HARPER, BRADLEY G., Associate Judge, dissents with opinion.

HARPER, BRADLEY G., Associate Judge, dissenting.

I respectfully dissent from the majority's decision declining to certify a question of great public importance.

I would certify the following question of great public importance:

> *Whether a statewide grand jury can indict for violation of section 905.395, Florida Statutes, and the unlawful disclosure of its own proceedings.*

Certification is appropriate because (1) reasonable jurists have reached materially different conclusions interpreting the same statutory text, (2) the question involves the scope of the powers and duties of a statewide institution and the enforceability of a criminal statute, and (3) the question implicates a recurring jurisprudential issue.

## 1. Reasonable jurists have reached materially different conclusions interpreting the same statutory text.

The statutory text should guide the outcome in this case. Here, the majority concludes that although the Legislature enacted a criminal statute penalizing disclosing information regarding statewide grand jury

proceedings, it failed to empower the statewide grand jury to enforce the law. I reach the opposite conclusion, that the statutory framework authorizes statewide grand juries to indict for violations of their secrecy. *See* § 905.34, Fla. Stat. (2021) (providing that the powers of county grand juries apply to statewide grand juries); *see also, In re Tierney*, 328 So. 2d 40, 45 (Fla. 4th DCA 1976) (holding that grand juries can prosecute breaches of secrecy). Thus, reasonable jurists have reached materially different conclusions when interpreting the same statutory language.

The majority's refusal to certify rests on the assertion that the Legislature "clearly" did not empower the statewide grand jury to indict for violations of its own secrecy. This division itself demonstrates that the question is neither settled nor confined to the particular facts of this case.

The potential judicial nullification of section 905.395, Florida Statutes and the limitation on the statewide grand jury's ability to indict for violations of secrecy raises a matter of great public importance. When courts reach conflicting conclusions about the meaning and effect of a criminal statute, the issue becomes one warranting review by the Florida Supreme Court.

Authoritative resolution by the Florida Supreme Court is warranted because this decision implicates separation of powers, the enforceability of a criminal statute, and the proper scope of judicial interpretation.

2. **The question involves the scope of the powers and duties of a statewide institution and the enforceability of a criminal statute.**

This question warrants certification because it affects the authority of a statewide institution, the enforceability of a criminal statute enacted to protect the integrity of grand jury proceedings, and the uniform administration of criminal justice throughout Florida. Florida courts have recognized the strong public interest in preserving grand jury secrecy and have suggested that the statutory provisions governing that secrecy should be interpreted broadly to effectuate that purpose. *See In re Final Report of the 20th Statewide Grand Jury*, 343 So. 3d 584, 598 (Fla. 4th DCA 2022) (Warner, J., concurring in part and dissenting in part) (observing that sections 905.27 and 905.395 should be construed broadly in light of "the strong interest in maintaining the secrecy of grand jury proceedings").

Questions concerning the scope of the powers and duties of grand juries fall squarely within the class of issues the Florida Constitution contemplates for certification as matters of great public importance. *See*

*e.g.*, *State v. King*, 426 So. 2d 12, 14 (Fla. 1982) (accepting jurisdiction to resolve a certified question concerning the statutory scope of grand jury authority).

Likewise, this court has recognized that certification is appropriate where a decision involving grand jury secrecy may have far-reaching consequences beyond the parties to the case. *See CA Fla. Holdings, LLC v. Aronberg*, 360 So. 3d 1149, 1155 (Fla. 4th DCA 2023).

Given that our decision here has the potential to significantly affect the authority of statewide grand juries and the enforcement of criminal statutes designed to safeguard the integrity of their proceedings, the question presented is one of great public importance.

### 3. The question implicates a recurring jurisprudential issue.

This case also presents the recurring jurisprudential issue regarding when courts should resort to rules of statutory interpretation and construction. The majority adopts a statutory construction that restricts, rather than enables, the statute's express terms. That tension highlights a broader jurisprudential concern that extends well beyond the facts of this case. In this case, the majority misapplies settled rules of statutory construction to arrive at a result that undermines the statutory scheme criminalizing violations of statewide grand jury secrecy.

Whether courts may invoke interpretive doctrines to limit or override clear legislative mandates is itself a question of great public importance. The issue is particularly acute in the criminal context, where the Legislature's authority to define offenses and prescribe enforcement mechanisms carries heightened constitutional significance and where judicial narrowing of statutory text directly affects the State's ability to enforce the law. Because this question recurs whenever courts are called upon to interpret criminal statutes and implicates the proper boundaries of judicial interpretation, it warrants certification for authoritative resolution by the Florida Supreme Court.

### Conclusion

Certification in this case acknowledges that the decision affects the continued viability of a statewide statutory enforcement scheme. The Florida Constitution contemplates certification precisely for such circumstances. By declining to certify, the court forecloses authoritative resolution of a question that directly affects the operation of statewide

grand juries and the enforcement of a criminal statute enacted to protect their integrity.

For these reasons, I respectfully dissent from the court's refusal to certify.

*       *       *